IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, DAVID REGAN and ELISEO MEDINA, as trustees for SEIU UNITED HEALTHCARE WORKERS-WEST and fiduciaries of the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND, SEIU UNITED HEALTHCARE WORKERS-WEST, an unincorporated association and fiduciary of the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND, and REBECCA COLLINS, as a participant in the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>SAL ROSELLI, JORGE RODRIGUEZ, JOAN EMSLIE, JOHN BORSOS, JOHN VELLARDITA, GABE KRISTAL, PAUL KUMAR, MARTHA FIGUEROA, BARBARA LEWIS, PHYLLIS WILLETT, DANIEL MARTIN, LAURA KURRE, RALPH CORNEJO, WILL CLAYTON, GLENN GOLDSTEIN, FRED SEAVEY, MARK KIPFER, AARON BRICKMAN, IAN SELDEN, GAIL BUHLER, FREJA NELSON, ANDREW REID, NATIONAL UNION OF HEALTHCARE WORKERS; MARYRUTH GROSS, CONNIE WILSON, ARLENE PEASNALL, CHERIE KUNOLD, FAYE LINCOLN, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C 09-00404 WHA<br><br>**ORDER REGARDING SECOND REQUEST TO MODIFY THE TRO; MOTION TO SHORTEN TIME; AND MOTION FOR A PROTECTIVE ORDER** |

Defendants have filed a "second request to modify temporary restraining order" (Dkt. No. 109). The request complained of an "email blast" that plaintiffs allegedly sent to an

unknown number of SEIU-UHW members regarding the TRO. It complained that the email abused the TRO by implying that NUHW supporters could face sanctions for lawful activities.

Plaintiffs opposed the request, asserting that the email was sent only to UHW's own elected stewards and that it fairly represented the terms of the TRO as well as applicable Federal Rules of Civil Procedure. A reply was invited and was filed (accompanied by numerous declarations). Defendants argued that UHW's communications were improper — "vague and overbroad" — because they suggested exposure to liability for conduct outside the scope of the TRO. Defendants raised new factual allegations in the reply brief. *First*, they claimed that UHW staff and/or organizers had misused the TRO by disrupting HUHW's right to access, and organize at, work sites. They gave examples in which one defendant, Gail Buhler, and other non-defendants (allegedly) were told to leave work sites under threat of the TRO. *Second*, they claimed that UHW stewards who are actually NUHW supporters have been deterred from organizing their co-workers to join NUHW, and are thus having their speech or organizing rights chilled by the threat of litigation. Defendants alleged widespread confusion on the part of stewards (or others) about what the TRO does and does not prohibit.

Plaintiffs filed a (proposed) sur-reply brief and a motion to strike. Plaintiffs argued that all new allegations and declarations raised for the first time in the reply brief should be stricken. They further contended that any concerns about UHW stewards being inhibited from organizing on behalf of *NUHW* are misplaced because under federal law, UHW stewards have fiduciary duties to UHW and cannot act on behalf of NUHW. Finally, the sur-reply stated that UHW has sent follow-up emails clarifying how the TRO should and should not be used.

With the exception of the allegations concerning defendant Buhler (raised for the first time in the reply brief), all of these motions concern alleged adverse impacts upon third-party stewards and others. None of these parties are before the Court. If any of these persons wish to intervene and seek relief directly against either side, either to modify the TRO or to enforce it, the Court will consider such a motion.

The present motions are simply the two original sides trying to hide behind alleged problems with third parties. This is too remote. The TRO will not be modified upon the

1  present motions. All relief on the "second request to modify temporary restraining order" is
2  **DENIED**, without prejudice to a steward or other third party filing a motion to intervene to seek
3  relief (or to enforce the TRO). Similarly, defendant Buhler or other defendants may bring a
4  proper motion to enforce their own rights.

\*           \*           \*

6  For the same reasons, defendants' motion to shorten time for a hearing on a motion for
7  stay of the TRO pending appeal is **DENIED** (Dkt. No. 149). No actual motion for a stay has
8  been filed, and the Court is unable to evaluate any such motion and determine what schedule
9  may be appropriate without the benefit of the motion. Moreover, based on the current motion to
10 shorten time, it appears that the anticipated stay motion will be based at least in part on the
11 same complaints as the "second request to modify the TRO" (and ensuing briefing thereon) —
12 *i.e.*, alleged adverse impacts of stewards or others not before the Court.

\*           \*           \*

14 Finally, defendants have filed a motion for a protective order (Dkt. No. 124). The
15 motion raises two issues: (1) it requests a schedule for litigating attorney-client privilege issues
16 including thirty days to prepare a privilege log; and (2) it requests that defendants be relieved of
17 any burden to catalog and describe private materials on their computers. The parties have also
18 filed a stipulation to file certain (possibly privileged) communications between UHW and
19 Morrison & Foerster under seal with the Court pending a schedule on the attorney-client
20 privilege issues (Dkt. No. 143). This case has been referred to Magistrate Judge Maria-Elena
21 James for discovery purposes; these matters should be presented to Judge James.

**IT IS SO ORDERED.**

Dated: April 23, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3