United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIU *et al.*, | No. C 09-00404 WHA (MEJ) |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | |
| SAL ROSSELLI *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

On May 1, 2009, Plaintiffs filed two letters detailing discovery disputes that have arisen between the parties and requesting certain relief from the Court. (Dkt. ##177, 178.) Plaintiffs further indicated that, in contravention of this Court's Discovery Standing Order, the parties have been unable to cooperate to submit a joint letter to the Court stating their respective positions on the disputes. Subsequently, on May 4, 2009, Defendants filed a letter in response. (Dkt. #182). In reply, on May 6, 2009, Plaintiffs filed two additional letters. (Dkt. ##185, 186). Having considered the parties' arguments and supporting authorities, the Court now rules as follows.

## II. DISCUSSION

**A.    Disputes Arising During Depositions**

In their first-filed May 1 letter (Dkt. #177), Plaintiffs state that during the depositions of Defendant Barbara Lewis and third-party witness Peter A. Tappeiner, counsel for defendants instructed the deponents not to answer certain questions. With respect to Mr. Tappeiner's

**United States District Court**
For the Northern District of California

1 deposition, Plaintiffs' counsel asked Mr. Tappeiner for the name of the person to whom he gave
2 certain petitions and whether the person to whom he gave the petitions was Mito Gonzales.  (Dkt.
3 #177-3 at 4-5.)  Defense counsel instructed Mr. Tappeiner not answer, asserting Mr. Tappeiner's
4 rights of association and privacy.  (*Id*.)

5       With respect to Ms. Lewis's deposition, Plaintiffs' counsel asked Ms. Lewis to name the
6 elected stewards who were among those who took custody of the building prior to the trusteeship.
7 (Dkt. #177-2 at 9-12.)  In response, Ms. Lewis indicated that she would not answer the question
8 because of retaliatory actions taken by SEIU against some stewards.  (*Id*. at 10)  Defense counsel
9 also asserted Ms. Lewis's right to freedom of association.  (*Id*. at 10-11.)

10       Plaintiffs now seek an order compelling Mr. Tappeiner and Ms. Lewis to appear for
11 continuation of their depositions to respond to the questions set forth above, as well as any
12 reasonable follow-up questions.  Plaintiffs contend that "the purpose of the questions at issue is two-
13 fold: first, to attempt to discover who currently possesses UHW property in order to aid in its
14 recovery; and second, to be able to take discovery of persons in the chain of custody, to obtain
15 information linking the theft or destruction of UHW property to Defendants in this case."  (Dkt.
16 #177 at 3.)  Thus, Plaintiffs assert that the questions are within the scope of permissible discovery
17 and note that Defendants have not raised any objections on that basis.  (*Id*.)

18       In response, Defendants maintain that their refusal to answer is protected under federal, state,
19 and National Labor Relations Board precedent.  In particular, Defendants cite *NAACP v. Alabama*,
20 357 U.S. 449 (1958).  As Plaintiffs correctly point out, however, that decision is distinguishable on
21 the ground that, here, Plaintiffs only seek the names of certain individuals rather than a complete
22 membership list.  Additionally, Defendants have not shown that identifying these individuals will
23 deter or otherwise chill future associations with NUHW.  Defendants also cite two state law
24 decisions and three NLRB decisions in support, but have neglected to proffer any discussion
25 regarding how the decisions apply to the instant dispute.  Nevertheless, the Court has reviewed these
26 authorities and finds that they do not provide a basis for either deponent to refuse to answer the
27 questions posed.

28

2

Based on the foregoing analysis, the Court finds Plaintiffs' request to be well-taken. Accordingly, the Court **GRANTS** Plaintiffs' request as follows: Mr. Tappeiner and Ms. Lewis shall appear for the continuation of their depositions to respond to the questions detailed above and any reasonable follow-up questions by the **May 15, 2009** deposition deadline.

**B.    Disputes Concerning Defendants' Production of Documents**

In their second letter filed May 1, 2009 (Dkt. #178), Plaintiffs urge the Court to order Defendants to produce certain documents concerning pre-trusteeship communications between Defendants and UHW's outside counsel and communications relating to pre-trusteeship organizing activities. (Dkt. #178.) Defendants apparently seek to withhold production of these documents based on attorney-client privilege.

The Court's April 8, 2009 Temporary Restraining Order provides in relevant part:

> 4.    No later than **April 16, 2009**, Attorney Siegel shall provide counsel for UHW copies of all UHW information referenced above save only those for which a good-faith assertion of privilege is made and/or for which it appears conclusively that the subject matter is wholly private with no relationship to UHW. Any withheld material shall be catalogued and identified in a log in accordance with Paragraph 16 of the Supplemental Order, said log also to be supplied by April 16. By **April 16**, Attorney Siegel must bear the burden to bring a motion for protective order before Magistrate James Maria-Elena James to justify withholding of any privileged material. The burden to obtain wholly private information, however, shall be on plaintiffs.

(Dkt. #101 at 7-8.) On April 16, 2009, Defendants filed a Motion for Protective Order. (Doc. #124.) Despite the clear direction in the TRO that Defendants' Motion must set forth their justification for withholding any privileged material, Defendants merely requested that the Court "determine a schedule for the litigation of issues relating to the attorney-client privilege as it applies to documents in their possession." (Dkt. 124 at 3.) On April 24, 2009, the Court issued an order directing the parties to meet and confer and to file a joint letter in compliance with the undersigned's Discovery Standing Order. (Dkt. #160.) The Court further denied Defendants' Motion without prejudice to the filing of the joint letter. (*Id.*) Subsequently, on May 1, 2009, Plaintiffs submitted a letter indicating that after their meet and confer sessions, Defendants had failed to provide Plaintiffs with Defendants' written positions for incorporation in a joint letter to the Court.

In their May 1 letter, Plaintiffs request that the Court order Defendants to provide: (1) certain Morrison & Foerster documents described in Plaintiffs' letter; (2) pre-trustee documents and communications between Defendants (and other former UHW officers or employees) and Arthur Fox, Esq., that occurred in connection with Mr. Fox's representation of UHW on certain "institutional union and federal labor law matters"[1]; and (3) pre-trusteeship documents and communications between Defendants (and other former UHW officers or employees) and the law firm of Siegel & LeWitter that occurred in connection with that firm's representation of UHW in certain litigation and other miscellaneous matters[2]. (Dkt. #178 at 4.)

In their May 4 response letter, Defendants set forth a generalized discussion about attorney-client privilege in the corporate take-over context. However, Defendants do not describe or otherwise identify the documents that they claim are privileged and seek to withhold from production. Defendants also fail to proffer any substantive response to Plaintiffs' request for the production of the three categories of documents identified in their May 1 letter. At this point, Defendants have had more than ample time to review the documents in their possession and determine whether they have a justifiable basis to withhold their production. Their failure to cooperate with Plaintiffs to jointly brief this issue for the Court and their apparent disregard for their burden of listing privileged documents and setting forth the justification for withholding such documents has undermined the discovery process outlined by the Court in its April 8, 2009 TRO.

Taking the foregoing into consideration, the Court now rules as follows. Defendants are ordered to file a brief by **9:00 a.m. on May 18, 2009**: (1) indicating why the Court should not deem waived any assertion of privilege that Defendants may have based on their failure to timely assert such privilege(s); (2) listing of any documents they claim are privileged and the basis for the privilege, including citation to relevant legal authority. Defendants shall also address any privilege they are asserting to the production of the three categories of documents specified in Plaintiffs' May 1, 2009 letter.

---

[1] Plaintiffs cite the "Fox retainer agreement" at Docket No. 152-3 as setting the parameters for these materials. (Dkt. #178 at 4.)

[2] Plaintiffs cite the "Siegel & LeWitter retainer agreement" at Docket No. 152-4 as the setting the parameters for these materials. (Dkt. #178 at 4.)

4

Further, in their Motion for Protective Order, Defendants requested that the Court relieve them of any burden to catalog and describe the private materials on their computers. Reviewing Defendants May 4 letter, Defendants have apparently abandoned this request. If this remains a live issue for Defendants, they must so indicate in their May 18th brief and present a thorough discussion, including a detailed description of the types and amount of personal information that Defendants have found, in support of their request.

After its review of Defendants' May 18th brief, the Court will notify the parties on May 19, 2009, as to how it will proceed. The Court reserves the right to impose sanctions upon Defendants for failure to timely comply with the terms of this Order.

**IT IS SO ORDERED.**

Dated: May 12, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

5