United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, DAVID REGAN and ELISEO MEDINA, as trustees for SEIU UNITED HEALTHCARE WORKERS-WEST and fiduciaries of the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND, SEIU UNITED HEALTHCARE WORKERS-WEST, an unincorporated association and fiduciary of the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND, and REBECCA COLLINS, as a participant in the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND,

    Plaintiffs,

 v.

SAL ROSELLI, JORGE RODRIGUEZ, JOAN EMSLIE, JOHN BORSOS, JOHN VELLARDITA, GABE KRISTAL, PAUL KUMAR, MARTHA FIGUEROA, BARBARA LEWIS, PHYLLIS WILLETT, DANIEL MARTIN, LAURA KURRE, RALPH CORNEJO, WILL CLAYTON, GLENN GOLDSTEIN, FRED SEAVEY, MARK KIPFER, AARON BRICKMAN, IAN SELDEN, GAIL BUHLER, FREJA NELSON, ANDREW REID, NATIONAL UNION OF HEALTHCARE WORKERS; MARYRUTH GROSS, CONNIE WILSON, ARLENE PEASNALL, CHERIE KUNOLD, FAYE LINCOLN, and DOES 1 through 100, inclusive,

    Defendants.

No. C 09-00404 WHA

**CLARIFICATION OF ORDER REGARDING DEFENDANTS' REQUEST TO CONVERT MOTION**

  Defendants have moved to dismiss claim two of the complaint (Dkt. No. 161). Defendants previously requested that the hearing on the motion be rescheduled and held in conjunction with plaintiffs' motion for partial summary judgment, which also focuses on claim

1  two, and that their motion to dismiss be converted to a motion for summary judgment pursuant
2  to Rule 12(d), which states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Plaintiffs had presented matters outside of the pleadings — a letter — in their opposition to defendants' motion to dismiss. A May 22 order granted defendants' request, noting that it made sense to hear the two motions at the same time as both pertained to claim two. Plaintiffs now object to conversion. Plaintiffs request that the hearing on the motion be delayed to afford them an opportunity for further discovery and to present additional evidence if the motion is to be treated as a Rule 56 summary-judgment motion.

The hearing on the motion will proceed on June 4 as scheduled, but the motion will at present be approached as a motion to dismiss. The motion is fully briefed and challenges the sufficiency of the pleadings with respect to claim two. The Court, of course, cannot permit one side to go beyond the pleadings and not also permit the other side to do so, but conversion and the opportunity to present "all the material" pertinent to the motion are required only if the submissions outside of the pleadings are not excluded by the Court. If after the hearing the Court determines that recourse to matters outside of the pleadings is necessary or appropriate, the Court will at that time address whether further discovery and/or briefing are required.

**IT IS SO ORDERED.**

Dated: June 1, 2009.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2