STEPHEN P. BERZON (SBN 46540)
PETER D. NUSSBAUM (SBN 49682)
JEFFREY B. DEMAIN (SBN 126715)
JONATHAN WEISSGLASS (SBN 185008)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
sberzon@altshulerberzon.com
pnussbaum@altshulerberzon.com
jdemain@altshulerberzon.com
jweissglass@altshulerberzon.com

ROBERT M. WEINBERG (*admitted pro hac vice*)
JEFFREY FREUND (SBN 47846)
LEON DAYAN (*admitted pro hac vice*)
DOUGLAS CALLAHAN (*admitted pro hac vice*)
BREDHOFF & KAISER, PLLC
805 Fifteenth St. N.W. Tenth Floor
Washington, DC 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
rweinberg@bredhoff.com
jfreund@bredhoff.com
ldayan@bredhoff.com
dcallahan@bredhoff.com

GLENN ROTHNER (SBN 67353)
EMMA LEHENY (SBN 196167)
ROTHNER, SEGALL, GREENSTONE
 & LEHENY
510 South Marengo Avenue
Pasadena, CA  91101
Telephone: (626) 796-7555
Facsimile: (626) 577-0124
grothner@rsgllabor.com
eleheny@rsgllabor.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SAL ROSSELLI, *et al.*,<br><br>Defendants. | CASE NO. 09-CV-0404 WHA (MEJ)<br><br>**STIPULATION RE:  RETURN OF EXTERNAL HARD DRIVES TO DEFENDANTS; [PROPOSED] ORDER THEREON**<br><br>Civil Local Rule 6-2 |

**STIPULATION**

Plaintiffs and Defendants Sal Rosselli *et al.* in the above-captioned case, hereby stipulate and agree as follows:

WHEREAS,

1. On May 22, 2009, the Court issued a Discovery Order ("Discovery Order"), Docket No. 238, in this case that required Defendants, by noon on May 26, 2009, to produce to Plaintiffs a copy of the digital image files described on Page 7, Paragraph 3 of the Temporary Restraining Order ("TRO") previously entered in this case (Docket No. 101), after removing only information or files created after January 27, 2009;

2. On May 26, 2009, Defendants provided Plaintiffs with two external hard drive devices containing electronic files, pursuant to the Discovery Order;

3. Under the Discovery Order, Plaintiffs were given until 5:00 p.m. on June 2, 2009 to have three of their attorneys and one technical expert transfer, search and review those drives, and to print out whatever UHW property (as defined in the TRO) was contained thereon that those attorneys decide to print;

4. Under the Discovery Order, by 5:00 p.m. on June 2, 2009, Plaintiffs must return the drives to Defendants and must provide Defendants and the Court with a log of all documents Plaintiffs' counsel believe are UHW property and have printed out during their review

5. Since obtaining the drives from Defendants, Plaintiffs' three attorneys and technical expert have been diligently processing and transferring the files contained thereon to render the information contained therein searchable;

6. The foregoing process has taken longer than expected, due to the large number and size of the files on the drives: more than 200 gigabytes compressed, which became more than 350 gigabytes in uncompressed format (which is necessary for searching purposes), and which corresponds to approximately 15 million pages, in more than 1 million files;

7. Plaintiffs' counsel and their technical expert have determined that the length of time necessary to process and transfer the files to render the information contained therein searchable will leave insufficient time to review the files and print out UHW property contained therein by 5:00

p.m. on June 2, 2009;

8. If Plaintiffs had to return the drives to Defendants on June 2, 2009, and they did not have time to complete their review of them by that time, they would not be able to resume such review at a later time where they had left off, even if Defendants provided the drives to them again at a future date; rather, due to the requirement of the Discovery Order that Plaintiffs must return the drives to Defendants, and may not copy or save them (except to the extent necessary temporarily to transfer, search and review them, and to the extent permissible to print UHW material contained therein), any future review would have to commence again from the beginning (including processing, transferring, searching and reviewing the information contained on the drives), at great and unnecessary expense to Plaintiffs;

9. No modifications of the deadlines set in the Discovery Order have been previously sought; and

10. Extension of the deadlines set in the Discovery Order provided for in this Stipulation will have no effect on the schedule for the case;

THEREFORE,

11. The undersigned parties hereby stipulate and agree that, to avoid the adverse consequences stated above, Plaintiffs may retain through June 14, 2009, the external hard drives that were provided to them on May 26, 2009, by Defendants, at which point they will be returned to Defendants and Plaintiffs will destroy any temporary copies they made to transfer, search and review the files contained thereon; and

12. The undersigned parties also hereby stipulate and agree that, by 5:00 p.m. on June 2, 2009, Plaintiffs will provide Defendants and the Court with a log of all documents Plaintiffs' counsel have by that point determined to be UHW property and have printed out during their review, as required by Paragraph 5 on Page 10 of the Discovery Order (Docket No. 238), and that on June 14, 2009, they will provide Defendants with a supplemental log of any additional documents Plaintiffs' counsel have determined to be UHW property and have printed out during their review in the interim since June 2, 2009, which will be provided to the Court on the following day.

1    The foregoing is so stipulated and agreed.

2    Dated: May 28, 2009.                    Respectfully submitted,

3                                            ALTSHULER BERZON LLP
                                             BREDHOFF & KAISER, PLLC
4                                            ROTHNER, SEGALL, GREENSTONE & LEHENY

5                                              _/s/ Jeffrey B. Demain_____
                                             By:  JEFFREY B. DEMAIN
6
                                             Attorneys for Plaintiffs
7
                                             SIEGEL & YEE
8                                            DAN SIEGEL, SBN 56400
                                             JOSE LUIS FUENTES, SBN 192236
9                                            DEAN ROYER, SBN 233292
                                             499 14th Street, Suite 200
10                                           Oakland, California 94612
                                             Telephone: (510) 839-1200
11                                           Facsimile: (510) 444-6698

12                                           W. GORDON KAUPP, SBN 226241
                                             National Union of Healthcare Workers
13                                           519 17th Street, Suite 560
                                             Oakland, California 94612
14                                           Telephone: (510) 821-1849
                                             Facsimile: (510) 834-2019
15
                                               _/s/ Jose Luis Fuentes_____
16                                           By:  JOSE LUIS FUENTES

17                                           Attorneys for Defendants

18

19                                    **[PROPOSED] ORDER**

20   PURSUANT TO STIPULATION, IT IS SO ORDERED.

21        Dated:  June 1, 2009_____.

22

23                                           _____
                                             MARIA-ELENA JAMES
24                                           United States Magistrate Judge

STIP. RE: RETURN OF EXTERNAL HARD DRIVES; [PROP.] ORDER – Case No. 09-CV-0404 WHA (MEJ)    3