United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, DAVID REGAN and ELISEO MEDINA, as trustees for SEIU UNITED HEALTHCARE WORKERS-WEST and fiduciaries of the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND, SEIU UNITED HEALTHCARE WORKERS-WEST, an unincorporated association and fiduciary of the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND, and REBECCA COLLINS, as a participant in the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND,<br><br>                    Plaintiffs,<br><br>  v.<br><br>SAL ROSELLI, JORGE RODRIGUEZ, JOAN EMSLIE, JOHN BORSOS, JOHN VELLARDITA, GABE KRISTAL, PAUL KUMAR, MARTHA FIGUEROA, BARBARA LEWIS, PHYLLIS WILLETT, DANIEL MARTIN, LAURA KURRE, RALPH CORNEJO, WILL CLAYTON, GLENN GOLDSTEIN, FRED SEAVEY, MARK KIPFER, AARON BRICKMAN, IAN SELDEN, GAIL BUHLER, FREJA NELSON, ANDREW REID, NATIONAL UNION OF HEALTHCARE WORKERS; MARYRUTH GROSS, CONNIE WILSON, ARLENE PEASNALL, CHERIE KUNOLD, FAYE LINCOLN, and DOES 1 through 100, inclusive,<br><br>                    Defendants.<br> ⁄ | No. C 09-00404 WHA<br><br>**ORDER DENYING MOTION TO STAY TRO PENDING APPEAL AND VACATING HEARING** |

Defendants move to stay the temporary restraining order pending appeal. The factors governing the issuance of a stay pending appeal are the following: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). Drawing on the standards for preliminary injunctions, the Ninth Circuit applies a sliding scale approach under which "the required degree of irreparable harm increases as the probability of success decreases." *Id*. at 1115–16.[1]

\*         \*         \*

The TRO was predicated on plaintiffs' claim under Section 301(a) of the LMRA, which grants federal courts jurisdiction to entertain suits for violation of "contracts between an employer and a labor organization . . . or between any such labor organizations." Plaintiffs Section 301(a) claim seeks to enforce provisions of the union constitution; both sides agree that union constitutions are "contracts" enforceable under Section 301(a). The union constitution provided that, upon the institution of a trusteeship over the local union, the appointed trustees assumed control over the local union and the ousted officers of the local union were required to turn over all money, books and property to the local union and its trustees. Plaintiffs' Section 301(a) claim alleges that defendants violated these provisions by obstructing the trusteeship and by taking and withholding union property. Defendants have appealed the TRO and now move for a stay of it pending the appeal. They contend that they are likely to prevail on appeal for three reasons.

*First*, defendants contend that the Ninth Circuit's decision in *Building Material and Dump Truck Drivers, Local 420 v. Traweek* foreclosed Section 301(a) suits for injunctive relief against individual union officers. The TRO found that this argument was unlikely to prevail on the merits, and an order on a subsequent motion to dismiss rejected this argument. The Supreme Court has rejected *damages* actions against union officers under Section 301(a), but it expressly reserved decision on whether the same is true for *injunctive* relief. *Complete Auto Transit. v. Reis*, 451 U.S. 401, 416 n. 17 (1981). The Ninth Circuit's *Traweek* decision

---

[1] Following the Supreme Court's decision in *Winter v. Natural Resources Defense Council*, the party seeking a stay arguably must always demonstrate a likelihood of irreparable injury. 129 S.Ct. 365, 374 (2008).

2

concerned a damages action; it did not address whether Section 301(a) actions may be brought against officers for injunctive relief. The majority of circuits to have addressed the issue, however, have concluded Section 301(a) *does* confer jurisdiction for such actions.[2] This order declines to stay the TRO on this basis.

*Second*, defendants make an analogous argument: that individual union employees cannot be sued under Section 301(a) for breach of the union constitution because they are not parties to it. The Supreme Court has held that individual union members may *sue* their union for enforcement of the union constitution. *Wooddell v. International Broth. of Elec. Workers, Local 71*, 502 U.S. 93 (1991). Defendants interpret *Wooddell* to have held that union members are third-party beneficiaries of the union constitution who may sue to enforce it, but as non-parties or non-signatories to the constitution cannot *be sued* for violations of it. *Wooddell*, however, did not so hold. It did not address whether union members could *be sued* under the union constitution.

The Ninth Circuit, albeit in a case alleging breach of a collective-bargaining agreement rather than a union constitution, recently held that "[a] party need not be a signatory to a CBA to come within the purview of section 301(a)." *Grantite Rock Co. v. International Broth. of Teamsters*, 546 F.3d 1169, 1172 (9th Cir. 2008). A previous decision of the circuit, *Granite Rock* explained, had concluded that a "Joint Committee" that was created by the bargaining agreement at issue but was *not* a signatory to the agreement was a proper Section 301(a) defendant. A party thus need not be a signatory to the contract at issue (here, the union constitution) to be a proper defendant under Section 301(a). Instead, *Grantie Rock* explained, "[j]urisdiction over a claim under section 301(a) requires two things: first, that the claim be based on an alleged breach of contract . . . and second, that the resolution of the lawsuit be

---

[2] *See, e.g.*, *Electronics v. Statham*, 97 F.3d 1416, 1421–22 (11th Cir. 1996) (discussing and distinguishing *Traweek* on this point); *Shea v. McCarthy*, 953 F.2d 29, 30 (2d Cir. 1992) (finding "substantial authority in the lower courts to the effect that individual defendants may be subject to liability for violations of union constitutions . . . . To the extent that these cases deal with equitable relief, we agree with them"). Other decisions have reached a similar result in analogous circumstances — injunctions either in trusteeship situations or union succession situations — albeit without discussing the precise issue. *See, e.g.*, *Hansen v. Huston*, 841 F.2d 862 (8th Cir. 1988); *Tile, Marble, Terrazzo Shopworkers v. Local 32*, 896 F.2d 1404, 1416 (3d Cir.1990).

3

1  focused upon and governed by the terms of the contract." *Id*. at 1172–73 (quotations and
2  citations omitted).

3   These requirements are met. The complaint alleges a breach of the trusteeship
4  provisions of the union constitution, and the claim will be focused upon and governed by the
5  terms of the union constitution. The TRO focused *only* on what property defendants were
6  required to turn over to the trusteeship under the union constitution but did not. Plaintiffs are
7  unlikely to prevail on their third-party beneficiary argument on appeal.

8   *Third*, defendants contend that plaintiffs failed to exhaust their inter-union remedies and
9  argue that the failure deprives this Court of jurisdiction. Defendants first rely on *Weinberger v.*
10 *Salfi*, 422 U.S. 749 (1975). That decision, however, is inapplicable. It interpreted a statutory
11 provision that expressly stripped district courts of jurisdiction over certain suits in favor of
12 administrative proceedings in the Social Security Administration. The provision at issue,
13 *Weinberger* explained, not only codified an administrative exhaustion requirement but also,
14 "[o]n its face . . . bar[red] district court federal-question jurisdiction over suits, such as this one,
15 which seek to recover Social Security benefits." *Id*. at 756–57.

16  No such statute precludes jurisdiction or mandates exhaustion in this instance. Instead,
17 defendants rely on exhaustion provisions in the union constitution. Defendants contend that,
18 although there is no express *statutory* requirement mandating exhaustion of contractual inter-
19 union remedies, the Supreme Court and Ninth Circuit have "embraced" a mandatory exhaustion
20 requirement for such Section 301(a) claims. It is true that courts have embraced a requirement
21 that litigants exhaust any grievance procedures in *collective-bargaining agreements*. Union
22 constitutions, however, have been treated differently. Courts *may* require exhaustion of internal
23 union remedies created by union constitutions, but exhaustion is not a pre-requisite to federal-
24 court jurisdiction. As the Supreme Court explained, there is a "*policy*" of "forestalling judicial
25 interference with internal union affairs" that has been applied to disputes involving the
26 interpretation and application of union constitutions, but "courts have *discretion* to decide
27 whether to require exhaustion of internal union procedures." *Clayton v. International Union,*
28 *United Auto., Aerospace, and Agr. Implement Workers*, 451 U.S. 679, 687–89, 696 (1981)

4

(emphasis added). Where union procedures would be inadequate under the circumstances, courts need not require exhaustion of them. *Id*. at 691–93. *Clayton* set forth various factors to consider:

> In exercising this discretion, at least three factors should be relevant: first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust.

*Id*. at 689.[3]

Here, it is questionable whether the exhaustion requirement applies to this situation and it is far from clear that the internal union remedies could afford plaintiffs meaningful relief. The exhaustion requirement, set forth in Article XXIII of the constitution, states that "no member, Local Union or affiliated body shall bring any action against the International Union or any other Local Union or affiliated body, *or any officers thereof*," concerning the affairs of the union without exhausting the grievance procedures available under the constitution (Dkt. No. 36-6 at 8). It is unclear that this requirement would apply to *former officers* or that the grievance procedures set forth in the union constitution could afford plaintiffs the relief they seek. Moreover, enforcing an exhaustion requirement would "unreasonably delay" plaintiffs' opportunity to obtain a judicial hearing on the merits of its claim. If, as plaintiffs allege, defendants wrongfully took and are withholding (for example) grievance or collective-bargaining files that plaintiffs need to represent their members, it would unreasonably delay

---

[3] Defendants also rely in *Ackerly v. Western Conference of Teamsters*, which stated that "[w]hen union members allege a deprivation of rights guaranteed them by the union's constitution or bylaws, they must exhaust whatever internal remedies the union affords prior to bringing suit against the union." 958 F.2d 1463, 1477 (9th Cir. 1992) (citing *Clayton*). The decision, however, merely applied *Clayton* and ruled that, in the circumstances before it, exhaustion was required. It did not transform exhaustion of internal union remedies into a jurisdictional pre-requisite in these circumstances. Indeed, later Ninth Circuit decisions have clarified that *Clayton's* inquiry remains the rule in this circuit and, moreover, that a district court may abuse its discretion by failing to consider the *Clayton* factors before mandating exhaustion of internal remedies. *Casumpang v. International Longshoremen's and Warehousemen's Union*, 269 F.3d 1042, 1062 (9th Cir. 2001). *See also Amaya v. Food 4 Less*, 47 F.3d 1175 (9th Cir. 1995) (applying the *Clayton* factors).

5

plaintiffs' claim to stay the TRO for exhaustion of intra-union procedures — particularly where exhaustion may well prove to be an empty exercise.

For all of these reasons, defendants' motion to stay the TRO pending appeal is **DENIED**. The hearing scheduled for June 11, 2009, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 8, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE