United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, DAVID REGAN and ELISEO MEDINA, as trustees for SEIU UNITED HEALTHCARE WORKERS-WEST and fiduciaries of the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND, SEIU UNITED HEALTHCARE WORKERS-WEST, an unincorporated association and fiduciary of the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND, and REBECCA COLLINS, as a participant in the SEIU UNITED HEALTHCARE WORKERS-WEST AND JOINT EMPLOYER EDUCATION FUND,

    Plaintiffs,

  v.

SAL ROSELLI, JORGE RODRIGUEZ, JOAN EMSLIE, JOHN BORSOS, JOHN VELLARDITA, GABE KRISTAL, PAUL KUMAR, MARTHA FIGUEROA, BARBARA LEWIS, PHYLLIS WILLETT, DANIEL MARTIN, LAURA KURRE, RALPH CORNEJO, WILL CLAYTON, GLENN GOLDSTEIN, FRED SEAVEY, MARK KIPFER, AARON BRICKMAN, IAN SELDEN, GAIL BUHLER, FREJA NELSON, ANDREW REID, NATIONAL UNION OF HEALTHCARE WORKERS; MARYRUTH GROSS, CONNIE WILSON, ARLENE PEASNALL, CHERIE KUNOLD, FAYE LINCOLN, and DOES 1 through 100, inclusive,

    Defendants.

No. C 09-00404 WHA

**ORDER REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' MOTIONS TO DISMISS**

**INTRODUCTION**

In this labor action, Service Employees International Union and one of its local branches, United Healthcare Workers, sue several former officers of the local union after

1  defendants were ousted from their positions and proceeded to form a new, competing union.
2  This latest round of motions focuses on disputes regarding a joint employer-employee trust
3  fund. Plaintiffs move for partial summary judgment to set aside an amendment of the trust
4  agreement, and defendants move to dismiss all claims concerning the trust fund. For the
5  reasons stated below, defendants' motion to dismiss is **DENIED**. Plaintiffs' motion for partial
6  summary judgment is also **DENIED**. Finally, defendant Rodriguez separately moves to dismiss
7  the claims asserted against him. The motion is based on arguments addressed and denied in a
8  previous order. The motion is **DENIED**.

**STATEMENT**

The basic circumstances of this case were detailed in an April 8 temporary restraining order. Following entry of the temporary restraining order, a May 14 order addressed motions to dismiss claim one and claims three through seven of the complaint. The current round of motions revolves around a joint employer-employee trust fund established to provide employee training and education. Plaintiffs assert that the fund's trustees impermissibly amended the trust agreement in order to entrench themselves in their positions and encouraged the diversion of fund resources to an improper purpose: promoting a new and rival labor union. Unless otherwise noted, the following facts are uncontested and all references and citations to the "complaint" herein are to the first amended complaint.

The SEIU-United Healthcare Workers-West Joint Employer Education Fund is a collectively bargained "Taft-Hartley" fund governed by the Labor Management Relations Act. 29 U.S.C. 186(c)(6). Its purpose is to provide employee training and education. It was created by a written trust agreement executed December 20, 2004, by UHW and two employers, Kaiser Permanente and Catholic Healthcare West (Greenfield Exh. A; Gross Exh. 1).

Pursuant to the trust agreement, the fund was governed by a board of trustees. As originally constituted, the board consisted of six trustees, three appointed by the employers and three appointed by "the union," *i.e.*, UHW-West. A subsequent amendment expanded the board to five trustees for each side. Defendants Rosselli, Borsos Cornejo, Kurre and Clayton were the incumbent *employee* trustees, and defendants Wilson, Peasnall, and Kunold, Lincoln were

*management* trustees. Defendant Gross was the fund's executive director (Greenfield Exh. B; Compl. ¶¶ 88–89).

The instant motions focus in large part on a recent amendment to the trust agreement's provisions governing the appointment and removal of the *employee* trustees (the procedures for employer trustees were unaffected). Originally, the employee trustees were appointed by the "executive officer" of the union. The "union," in turn, was identified as SEIU-UHW. The employee trustees were removable "at any time, for any reason, by an instrument in writing signed by the Executive Officer of the Union," *i.e.*, SEIU-UHW (Greenfield Exh. A at Art. III §§ 1, 5). As set forth in earlier orders, the leadership of UHW, namely the individual defendants, got cross-wise with SEIU, a long-standing controversy that came to a boil when SEIU imposed a trusteeship on UHW in January 2009. In the run-up to the trusteeship, UHW leadership sought to lock itself into the control of the fund and to prevent SEIU from removing them as trustees — or so it is alleged.

The trust agreement vested with the fund's board of trustees the authority to amend the trust agreement, albeit with certain limitations. On March 21, 2008, the trustees unanimously amended the trust agreement to alter the above-described appointment-and-removal scheme. The amendment lifted from the union the authority to appoint, remove and replace the employee trustees and vested that authority with the employee trustees themselves (Greenfield Exh. C; Greenfield Exh. A at Art. IX).

Plaintiffs contend that the amendment was invalid in various respects and was executed merely to insulate the incumbent employee trustees in anticipation of the UHW trusteeship. On January 27, 2009, as stated, SEIU imposed a trusteeship over UHW and appointed plaintiffs Medina and Regan to serve as trustees of the local union. That same day, defendants were removed from their positions as officers of UHW, who then went a step further and quit UHW altogether and started a new rival union, NUHW. Plaintiffs Medina and Regan sent a letter to the fund on January 27, and another on February 10, to remove the five incumbents from their positions as fund trustees. Defendants have yet to vacate the positions (Greenfield Exh. D, E).

3

Plaintiffs allege that defendants violated the trust agreement, violated the union's constitution and/or breached their fiduciary duties in two ways: (1) by insisting on recognizing the challenged amendment to the trust agreement rather than the allegedly lawful (*i.e.*, pre-amendment) trust appointment-and-removal provisions; and (2) by encouraging or permitting the fund's staff and resources to be diverted to an improper purpose: promoting a labor organization. Plaintiffs now move for partial summary judgment on their allegations regarding amendment of the trust agreement. Defendants, in turn, move to dismiss both sets of allegations. Finally, defendant Rodriguez has filed a separate motion to dismiss the claims asserted against him.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). Rule 8's pleading standard "does not require detailed factual allegations, but [a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009).[1]

Summary judgment is granted under FRCP 56 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A district court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there is any genuine issue of material fact. *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007). A genuine issue of fact is one that could reasonably be resolved, based on the factual record, in favor of either

---

[1] Unless otherwise indicated, all internal quotations and citations are omitted from cited authority.

4

party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

### 1.   DIVERSION OF FUND RESOURCES.

Claim two alleges, in part, that defendants breached their fiduciary duties under ERISA by "encouraging or permitting" the fund's staff and resources to be diverted from benefitting fund participants to the improper purpose of promoting a labor organization (NUHW). Defendants move to dismiss the claim. They contend that allegations of "encouragement or participation" are insufficient to state a fiduciary claim for diversion of resources.[2]

ERISA's fiduciary duty of care requires that ERISA fiduciaries:

> shall discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries and--
>
> (A) for the exclusive purpose of:
>
> (i) providing benefits to participants and their beneficiaries; and
>
> (ii) defraying reasonable expenses of administering the plan.

29 U.S.C. 1104(a)(1). The complaint alleges that fund staff were visiting employer premises "ostensibly on fund business" but in reality were distributing NUHW literature and promoting NUHW on fund time, with defendants' knowledge and/or encouragement. It alleges that this improper use of resources was aggravated by the fact that NUHW was (and is) engaged in decertification activities that, if successful, would harm the fund's finances by nullifying one or more collective-bargaining agreement under which the fund earns income through employer contributions (Compl. ¶¶ 80, 89).

These allegations state a claim for breach of ERISA's fiduciary duties. Defendants merely raise what amount to factual defenses to the claim. They contend that they were wearing two "hats," one as ERISA fiduciaries and one as union members, and that they did not

---

[2] A dispute arose regarding whether defendants' motion to dismiss (as to this fiduciary theory) should be converted into a motion for summary judgment pursuant to Rule 12(d), which states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." This order reaches its conclusions based solely on the pleadings. Factual challenges to the claim can later be raised in an appropriate motion in which both sides have the opportunity to present all material pertinent to the claim.

5

in fact encourage or permit fund staff or resources to be diverted to an improper purpose. These arguments are inappropriate for a motion to dismiss. If defendants, as trustees of the fund, *did* in fact encourage or permit fund staff and resources to be used for the alleged purposes, they did not discharge their duties for the "exclusive purpose" of providing benefits to fund's participants and beneficiaries. The complaint states a claim that defendants breached their ERISA fiduciary duties by diverting fund resources.

### 2. AMENDMENT OF TRUST AGREEMENT.

Plaintiffs also raise several challenges to the March 2008 amendment of the fund's trust agreement. This was the amendment that stripped from the union the authority to appoint and remove the fund's employee trustees and vested that authority with the employee trustees themselves. The complaint seeks injunctive relief to force the employee trustees to vacate their positions and to require all trustees to honor plaintiffs' appointments for replacement trustees. Defendants move to dismiss these allegations for failure to state a claim, and plaintiffs move for partial summary judgment on the allegations regarding the validity of the amendment.

Plaintiffs have stated a claim that the plan amendment violated the trust agreement; they may seek to enforce the terms of the trust. Article IX of the trust agreement set forth certain constraints on amendment (Greenfield Exh. A at Art. IX, Sec. 1):

> Section 1: The provisions of this Trust Agreement may be amended, altered, or modified at any time, and from time to time, by the Board of Trustees . . . .; provided, however, that no amendment shall be adopted which:
>
> (a) Alters the basic principles of this Trust or the Plan;
>
> (b) Conflicts with the terms of any collective bargaining agreement, memorandum of understanding and/or any applicable law or governmental regulation;

Plaintiffs contend that the March 2008 amendment violated these trust terms and was therefore invalid and of no effect. Specifically, plaintiffs argue that the March 2008 amendment "conflict[ed] with the terms of [a] collective bargaining agreement." A collective bargaining agreement between UHW and Kaiser Permanente stated (Grillo Exh. A at 18; emphasis added):

> [e]ach Taft-Hartley trust will be governed by an equal number of labor and management trustees. *Labor trustees are selected by labor; management trustees are selected by management*.

6

1  Under the amendment, plaintiffs contend, the labor trustees would *not* be "selected by labor;"
2  instead, they would be selected by the board of trustees itself (both the labor and employer
3  trustees). Therefore, plaintiffs contend, the amendment violated Article IX, Section 1(b) of the
4  trust agreement. Plaintiffs further contend that the amendment was invalid because it
5  contravened "applicable law" — specifically, certain provisions of ERISA and the LMRA —
6  and because the amendment would "alter the basic principles of the trust." For these reasons,
7  plaintiffs contend, the amendment was "of no force or effect" (Compl. ¶ 88).

8  These allegations state a claim that the amendment was impermissible under the trust
9  agreement. At a minimum, plaintiffs have a right to sue under state law to enforce the
10 provisions of the trust itself. Plaintiff Collins, a UHW member and employee of Kaiser
11 Permanente, is alleged to be a fund "participant" eligible to receive benefits under the fund.
12 Although the parties have not briefed the issue, she appears to be a beneficiary of the trust under
13 state law. Beneficiaries, of course, may sue to enforce the terms of a trust. Moreover, in certain
14 circumstances trust settlors may sue to enforce their interests in the trust; UHW and its trustees
15 arguably may sue to protect the union's interest in appointing and removing the fund trustees.
16 *See* Rest. 2d Trusts § 200 cmt. b. At the very least, the Court may retain supplemental
17 jurisdiction over the challenge to the trust amendment. Defendants' motion to dismiss is denied
18 as to this theory to allow for further development of the facts surrounding the amendment.[3]

19 Because this order will retain jurisdiction over the dispute regarding the trust
20 amendment, it need not decide whether the allegations regarding the trust amendment (if true)
21 constituted breaches of fiduciary duties under ERISA or the LMRDA. Suffice it to say that the
22 *current* record, viewed in the light most favorable to defendants, does not establish that
23 defendants' conduct in connection with the plan amendment constituted breaches of their
24 fiduciary duties. Plaintiffs' motion for partial summary judgment is therefore denied.

---

[3] Defendants raise additional grounds for dismissal. They contend that plaintiffs UHW, Regan and Medina lack standing to bring an ERISA fiduciary claim. They concede, however, that plaintiff Collins, as a participant in the fund, has standing to bring the claim. Defendants also contend that the complaint fails to allege that defendant Gross — the fund's executive director — is a fiduciary of the fund. The argument is unavailing. The complaint adequately alleges that, as the fund's executive director, defendant Gross "exercise[d] . . . discretionary authority or discretionary control respecting management of such plan or exercise[d] . . . authority or control respecting management or disposition of its assets." 29 U.S.C. 1002(21)(A).

7

### 3. DEFENDANT RODRIGUEZ'S MOTION TO DISMISS.

Defendant Jorge Rodriguez filed a separate motion to dismiss. The motion is predicated on arguments that were addressed in the May 14 order granting in part and denying in part motions to dismiss filed by other defendants. Specifically, the motion raises arguments attacking claims one, three, four and five that were denied by the May 14 order. Defendant's motion is denied for the same reasons and to the same extent as specified in the May 14 order.

### CONCLUSION

For all of the above-stated reasons, the motion to dismiss filed by defendants Rosselli, Borsos, Kurre, Cornejo, Clayton and Gross is **DENIED**. The motion to dismiss filed by defendant Rodriguez is **DENIED** for the reasons set forth in the May 14 order. Finally, plaintiffs' motion for partial summary judgment is also **DENIED**.

**IT IS SO ORDERED.**

Dated: June 10, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE