UNITED STATES DISTRICT COURT

Northern District of California

SERVICE EMPLOYEES INTERNATIONAL
UNION, *et al.,*

                Plaintiffs,

  v.

SAL ROSSELLI, *et al.*,

                Defendants.
_____/

No. C 09-00404 WHA (MEJ)

**DISCOVERY ORDER**

On June 1, 2009, the parties in this matter filed a joint letter detailing a discovery dispute concerning Defendants' contention that Plaintiff must produce certain documents. (Dkt. #257.) Subsequently, on June 3 and 4, 2009, Plaintiffs filed two additional letters concerning defense counsel's alleged non-compliance with this Court's May 22, 2009 Discover Order regarding production of compact discs containing correspondence between UHW's former counsel, Arthur Fox, and Defendants. (Dkt. ##285, 289.) The Court will address each dispute, in turn.

**1.     June 1, 2009 Joint Letter**

The first issue the parties raise is "whether SEIU must produce all documents and things related to the issues underlying Judge Alsup's Order pursuant to document request to David Regan, Eliseo Medina, Deb Schneider, Bob Hauptman, and James O'Brien." (Dkt. #257 at 1.)

Defendants contend that SEIU must produce "all documents and things" related to the trusteeship and Declarations that SEIU submitted in support of its Motion for TRO. They argue that "[t]he documentation will insure that declarations filed on June 1 are supported by a document trail and not just hearsay or baseless allegations." (*Id*. at 2.) Specifically, Defendants seek an order compelling David Regan "to produce all documents supporting the allegations made in support of

the TRO and relied upon by Judge Alsup that defendants: 1) took UHW property, (2) destroyed UHW property, 3) scrambled or deleted UHW computer information, 4) hid, took, or destroyed UHW grievance and collective bargaining files, 5) aided and abetted in 1-4, 6) planned to disrupt union operations, and 7) filched or sabotaged UHW property." (*Id*. at 3.)

Plaintiffs oppose Defendants' request to compel production of these documents on several grounds. First, Plaintiffs argue that Defendants' April 16, 2009 deposition notice named Mr. Regan *personally* as a deponent; it did not name him as "Trustee" and it was not a Rule 30(b)(6) notice. They assert that Mr. Regan has already produced the responsive, non-privileged documents within his *possession* that he was able to locate through a reasonable search and that, contrary to Defendants' position, Mr. Regan was not required to search for and produce documents that UHW possessions in any of its offices.

Second, Plaintiffs state that the deposition notice included a set of 14 document requests, which Defendants purportedly served pursuant to Rule 34. Plaintiffs argue that Rule 34 requires a minimum of 30 days notice for document requests or for noticing a deposition that includes a document request, which Defendants failed to comply with when serving their notice. Plaintiffs indicate that, despite Defendants failure to comply with these rules, they produced Mr. Regan and the other noticed deponents for their depositions, and also produced more than 850 pages of documents and a DVD containing photos and video in response to the document request.

Third, Plaintiffs argue that they served Defendants with a set of objections to the document request the day after Defendants served their deposition notice. Plaintiffs argue that Defendants have failed to address those objections, but have instead opted to expand the scope of the initial 14 document requests to include "all documents and things related to the trusteeship and declaration."

Fourth, Plaintiffs contend that Judge Alsup permitted only narrow, limited discovery for the preliminary injunction, and particularly warned the parties not to propound "big firm" document requests. Rather, they argue that Judge Alsup indicated that "short and sheet" document requests "maybe . . . would be allowed." Plaintiffs also assert that, while the TRO stated that "[n]arrowly tailored subpoenas duces tecum may be served on non-parties," it does not mention or grant leave to

2

serve document requests.

The Court has carefully considered the parties' arguments and finds that Defendants have failed to demonstrate that Plaintiffs are required to produce the documents. As Plaintiffs correctly point out, in allowing the parties to engage in limited discovery to prepare for the preliminary injunction hearing, Judge Alsup warned against "big firm" document requests. Here, Defendants are requesting that Plaintiffs produce every document in their possession relating to the trusteeship and the Declarations submitted in support of their Application for TRO. This generalized, open-ended request runs against the specific, directed discovery Judge Alsup described during the TRO hearing. Further, with respect to Defendants' request to compel Mr. Regan to produce additional documents - particularly all those within his control as co-trustee of UHW - Defendants have failed to cite any authority which supports holding Mr. Regan to this standard. As Plaintiffs indicated in their position statement, Mr. Regan did not appear in response to a 30(b)(6) notice as the representative of UHW. Accordingly, Mr. Regan was not required to "look at the files and records of his subordinates and agents" as Defendants contend. Because Defendants have failed to show that their document request comports with Judge Alsup's directive that any document requests be focused, and because Defendants have failed to proffer any basis to require Mr. Regan to produce documents outside of his possession, the Court **DENIES** Defendants' request to compel production of the requested documents or further production by Mr. Regan at this time.

2. **Plaintiffs' June 3 and June 4, 2009 Letters**

Plaintiffs have submitted two letters dated June 3 and June 4, 2009, respectively, wherein they contend that defense counsel violated this Court's May 22 Discovery Order, which required Defendants to produce any materials in their possession containing communications between Arthur Fox and Defendants while Defendants were at UHW. (Dkt. ##285, 289.) Specifically, Plaintiffs assert that, although Defendants received a CD from Mr. Fox with the subject communications on May 29, 2009, they failed to produce the CD to Plaintiffs until June 3, 2009. (Dkt. #289 at 1.) Plaintiffs argue that as a result of Defendants' delay in turning over the CD, they were prevented from reviewing the documents and using any potentially relevant information to support their

3

Motion for Preliminary Injunction, which was due on June 1. (*Id.* at 2.) Plaintiffs also argue that, after they advised defense counsel that the Fox documents contained materials subject to attorney-client privilege, defense counsel nevertheless reviewed the reviewed the documents, thereby breaching their ethical obligations. (*Id.* at 2-3.) Plaintiffs therefore request that the Court impose appropriate sanctions for defense counsel's purported delay in producing the documents and ethical violations.

The Court has considered Plaintiffs' statement and request for relief. However, before ruling on Plaintiffs' request, Defendants must have an opportunity to address Plaintiffs' account and arguments. The Court therefore **ORDERS** Defendants to file a letter by **June 17, 2009** responding to Plaintiffs' June 3 and June 4 letters. Plaintiffs may file a letter in reply by **June 19, 2009**.

**IT IS SO ORDERED.**

Dated: June 12, 2009

_____
Maria-Elena James
United States Magistrate Judge