UNITED STATES DISTRICT COURT

Northern District of California

SERVICE EMPLOYEES INTERNATIONAL UNION, *et al.*,

        Plaintiffs,

  v.

SAL ROSSELLI, *et al*.,

        Defendants.

_____/

No. C 09-00404 WHA (MEJ)

**DISCOVERY ORDER RE DOCKET #406**

On November 2, 2009, the parties in this action filed a joint letter detailing a discovery dispute concerning several of Defendants' responses to Plaintiffs' First Request for Production. (Dkt. #406.) On November 19, 2009, the Court held a hearing on the matter. It now **ORDERS** as follows.

**1. Request for Production 7**

Plaintiffs request that the Court compel Defendants to produce NUHW's database listing NUHW supporters. Defendants contend that the information on the database is privileged under their constitutional rights to privacy and freedom of association, and in any event, does not contain any metadata or other notations that would help Plaintiffs establish their claim. Rather, Defendants contend that they compiled their list by gathering supporter information on their own initiative and entering that data to create the database, and not by copying or otherwise misappropriating information taken from UHW.

The Court has thoroughly considered the parties' arguments and cited case law and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' request as follows:

(a) Plaintiffs shall designate one forensic expert who shall sign the protective order in place in this action.

(b) Within 20 days of this Order, Defendants shall make their database listing NUHW

supporters available to Plaintiffs' designated expert at Defense counsel's law firm.

(c) Plaintiffs' expert shall be permitted to examine the database.

(d) The expert shall prepare a report setting forth his findings and opinions as to whether any of the information, metadata, or notations in the database indicate that the list information - or any part of it - was originally generated by or taken from UHW.

(e) The expert shall seal his/her report and provide the sealed report to Plaintiffs' counsel, who shall then file the <u>unopened envelope</u> under seal for the Court's in-camera review.

(f) Under no circumstances shall Plaintiffs' counsel be permitted to view the expert report or discuss the report or any information gained during the expert's review of the database with the expert.

(g) After the Court reviews the expert's report, it shall issue a ruling as to how the parties are to proceed with this issue.

### 2. Request for Production 8

In their Request for Production 8, Plaintiffs seek all NUHW staff lists. They argue that Defendants have only produced a list of names they represent to be current NUHW staff, without job titles, and have failed to produce lists of past staff members. In response, Defendants assert that they do not maintain staff lists and therefore have nothing more to produce. Defendants further explain that, in order to comply with Plaintiffs' request, NUHW's office manager created a list of current NUHW staff members, which Defendants produced to Plaintiffs.

The Court has considered the parties' arguments and **ORDERS** as follows: Defendants shall amend the list previously created and produced to Plaintiffs to include the job titles of each individual listed. Defendants shall serve the amended list within 10 days of the filing date of this Order. Plaintiffs' request is **DENIED** in all other respects.

### 3. Request for Production 16

In their Request for Production 16, Plaintiffs seek production of documents listed on Defendants Emslie's and Brickman's privilege logs. The Court has considered the parties' arguments as to this dispute and **ORDERS** as follows: With respect to the "internet based email"

1 dated January 23, 23, and 25, 2009 identified in Defendant Brickman's privilege log, Defense counsel shall confer with Defendant Brickman to determine whether those email messages still exist on his personal computer. If so, Defendants shall produce those documents or file a Declaration under oath and under penalty of perjury from Defendant Brickman indicating that he no longer has copies of such email messages.

As to the remaining documents listed in Defendants Emslie's and Brickman's privilege logs, Defense counsel shall file a Declaration under oath and under penalty of perjury stating - consistent with the representation in the joint letter - that counsel has reviewed the documents listed in Defendant Emslie's and Brickman's privilege logs and determined that all documents in their possession were produced to Plaintiffs. Defendants shall file the Declaration within 10 days of this Order.

### 4. Request for Production 17

As part of their Request for Production 17, Plaintiffs seek to compel Defendants to produce email messages from Defendants Internet Service Providers post-dating the January 27, 2009 trusteeship to determine whether any deleted emails exist that are responsive to the request. Defendants contend that they have produced all responsive emails. Plaintiffs, however, argue that until Defendants cross-check the email messages they produced with those maintained by the ISPs, they cannot certify that no other responsive email messages exist. The Court has carefully weighed the parties' arguments, and based on the present showing by Plaintiffs, **DENIES** Plaintiffs' request.

### 5. Request for Production 18

In their Request for Production 18, Plaintiffs seek production of NUHW's office leases and bills and invoices for purchases of computers and other equipment. Based on the parties' arguments, the Court rules as follows: Consistent with Defense counsel's representation during oral argument, Defendants shall produce the Oakland office lease to Plaintiffs within 10 days of this Order. Based on the showing Plaintiffs have made at this time, the Court **DENIES** Plaintiffs' request in all other respects.

///

### 6. Request for Production 19

In their Request for Production 19, Plaintiffs seek to compel production of documents showing the sources and amounts of funding for NUHW. After carefully considering the parties' arguments and their competing interests, the Court **DENIES** Plaintiffs' request. In particular, the Court finds Plaintiffs' request to be overly-broad, and that Plaintiffs have failed to sufficiently establish the relevance of donor information.

### 7. Request for Production 20

As to Request for Production 20, Plaintiffs seek to compel production of documents pertaining to the Fund for Union Democracy and Reform. Defense counsel avows that Defendants have produced all documents responsive to this request. However, Defendants' privilege log refers to more documents than Defendants actually produced. After consideration of the parties' arguments, the Court **ORDERS** as follows: Defense counsel shall confer with the relevant Defendants and/or staff members responsible for maintaining documents responsive to Request for Production 20 and, within 10 days of this Order, either produce any remaining responsive documents or file a Declaration under oath and under penalty of perjury stating that, after consulting with such individuals, Defense counsel has verified that all such documents have been produced.

**IT IS SO ORDERED.**

Dated: November 19, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge