UNITED STATES DISTRICT COURT

Northern District of California

SERVICE EMPLOYEES INTERNATIONAL
UNION, *et al.*,

                Plaintiffs,

  v.

SAL ROSSELLI, *et al*.,

                Defendants.
_____/

No. C 09-00404 WHA (MEJ)

**DISCOVERY ORDER RE DOCKET #410 AND ORDER SETTING TELEPHONIC CONFERENCE CALL ON ALL OTHER PENDING MATTERS**

**1.　November 24, 2009 Joint Discovery Letter [Dkt. #410]**

On November 24, 2009, the parties in this matter filed a joint letter regarding a dispute over Defendants' production of personal email. In the letter, Plaintiffs request that the Court "order all Defendants to print out and produce to Plaintiffs any e-mail and e-mail attachment containing 'UHW information' as defined in the April 8, 2009 Temporary Restraining Order ("TRO") from prior to January 28, 2009, that is resident on any electronic device within their possession, custody, or control, that they can access, by logging into their Internet Service Provider or otherwise." Plaintiffs contend that, although Defendants have access to email messages containing UHW information in their personal email accounts, including web-based personal email accounts, Defendants have failed to print out and produce those email messages. Plaintiffs contend that the TRO expressly required the individual Defendants, if selected for deposition, to bring all UHW property in their possession, custody, or control, which includes emails residing on web-based email accounts that the Defendants could print out. According to Plaintiffs, the individual Defendants failed to comply with this requirement.

Plaintiffs also explain that they thereafter served a request for documents, that included Request for Production 17,[1] which again sought all email from the individual Defendants' personal email accounts that contained UHW information. Plaintiffs assert that "the vast majority of Defendants did not produce any documents in response to this request."

Subsequently, counsel met and conferred and reached a written agreement with timelines for Defendants to consent to subpoenas to third-party ISPs. However, Plaintiffs assert that Defendants repeatedly violated that agreement by not providing consent for the subpoenas by the time depositions began. Plaintiffs argue that, as a result of Defendants' delay, coupled with the ISPs' delays in processing, Plaintiffs had only received documents from one ISP as of November 19. Plaintiffs also explain their deposition notices with respect to several Defendants required the defendant to produce "any e-mail and e-mail attachment containing UHW information from prior to January 28, 2009, that is resident on any electronic device within his possession, custody, or control, that he can access, by logging into his Internet Service Provider or otherwise, and print out." However, Defendants' counsel objected to some of the notices because they did not provide 30 days to produce the documents.

Based on the foregoing, Plaintiffs request that the Court: (1) order Defendants to print out and produce to Plaintiffs any e-mail and e-mail attachment containing UHW information as defined in the April 8, 2009 TRO from prior to January 29, 2009, that is resident on any electronic device within their possession, custody, or control, that they can access, by logging into their ISP or

---

[1] Request for Production 17 sought: "All e-mails to or from Defendants' personal e-mail accounts, including but not limited to those retrievable from an internet service provider (which Defendants control and therefore have a duty to provide), not produced in response to other document requests, that constitute, contain, reflect, or relate to UHW information, regardless of when they were sent or received; and all e-mails to or from Defendants' personal e-mail accounts, including but not limited to those retrievable from an internet service provider (which Defendants control and therefore have a duty to provide), not produced in response to other document requests, that relate to UHW, SEIU, NUHW, or any other labor organization or prospective or potential labor organization in any way, and were sent or received prior to January 28, 2009, forwarded or replied to e-mails that were sent or received prior to January 28, 2009, or concern conduct that occurred prior to January 28, 2009."

2

otherwise; (2) further clarify that Defendants must produce any email to or from any other UHW officer or employee or agent; and (3) order that they be permitted to re-open the depositions of any Defendants who did not produce the emails by the time of their depositions so that, after Defendants produce those emails, Plaintiffs can re-depose them on all issues raised by the emails.

In response, Defendants assert that they have previously turned over thousands of emails from their personal accounts, primarily in response to the TRO. They assert that, to resolve the dispute with Plaintiffs regarding whether Defendants had actually produced all responsive personal emails, on September 30, 2009, Defendants agreed in writing to the process of allowing Plaintiffs to subpoena their ISP accounts. Having agreed to this process, Defendants contend that are no longer required to search through their accounts.

With respect to Plaintiffs' charges that Defendants have delayed in providing their consent, Defendants contend that numerous complications have prevented the Defendants who previously conveyed oral consents to the subpoenas from completing the agreed-upon consent forms. Defendants also indicate that after agreeing to the subpoena option, some Defendants requested that they be able to avoid the confusion associated with the process and, instead, search through their ISP accounts themselves. Defendants state that, in response, Plaintiffs' counsel withdrew the subpoenas and requested that Defendants' counsel help expedite the process.

Finally, Defendants argue that Plaintiffs have not identified which Defendants purportedly delayed communicating their consent to the subpoenas. Rather, Defendants aver that Plaintiffs have received consents corresponding to almost all of the fifty accounts involved.

Based on the foregoing, Defendants assert that it is unreasonable for Plaintiffs to agree to allow Defendants to consent to subpoena of their ISP email accounts, while at the same time urging the Court to require all Defendants to carry out a search of their personal email accounts themselves. While Defendants acknowledge that the subpoena option is more complicated and time-consuming than counsel anticipated, Defendants maintain that this is not their fault, nor is it evidence that they have failed to comply with the Court's prior rulings. Defendants therefore request that Plaintiffs' counsel work with them to solve this problem.

The Court has carefully considered the parties' arguments and now **RULES** as follows:

1. With respect to the individual Defendants who have elected to search their personal web-based email accounts and produce to Plaintiffs all responsive emails, the Court **ORDERS** each Defendant to, by December 28, 2009, (a) produce any remaining responsive emails; and (b) execute a declaration under penalty of perjury indicating that he/she has searched and produced all responsive emails from his/her personal web-based accounts.

2. With respect to those individual Defendants who conveyed to Plaintiffs that they would consent to Plaintiffs subpoenaing their emails from their ISPs, Defendants shall file by 5:00 p.m. Friday, December 18, 2009, a list identifying all Defendants who still have not executed a written consent form which Plaintiffs have provided to such Defendants.

3. Plaintiffs' request to re-open depositions is **DENIED WITHOUT PREJUDICE**. If Plaintiffs receive email not previously produced by a Defendant, Plaintiff can move to re-open depositions at that time.

**2.     Other Outstanding Matters**

Also pending before the Court are the parties' December 2 letter, Plaintiff's Motion to Compel, and Plaintiffs' December 15 letter. Given the impending discovery cut-off, the Court sets a telephonic conference on these matters for <u>Monday, December 21, 2009, at 9:30 a.m.</u> Counsel shall arrange a conference call amongst themselves and provide a local or toll-free number to the Court to access the conference call by <u>5:00 p.m. on Friday, December 18, 2009</u>.

**IT IS SO ORDERED.**

Dated: December 17, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge