UNITED STATES  DISTRICT COURT

Northern District of California

SERVICE EMPLOYEES INTERNATIONAL
UNION, *et al.*,

                     Plaintiffs,

     v.

SAL ROSSELLI, *et al*.,

                     Defendants.

_____/

No. C 09-00404 WHA (MEJ)

**DISCOVERY ORDER RE DOCKET
#421, #424, and #427**

Pending before the Court are: (1) the parties' December 2, 2009 joint discovery letter (Dkt. #421); (2) Plaintiffs' December 15, 2009 discovery letter (Dkt. #427); and (3) Plaintiffs' Motion to Compel (Dkt. #424), to which Defendants filed an Opposition (Dkt. #431).  On December 21, 2009, the Court held a telephonic hearing on these matters.  After consideration of the parties' arguments, the Court now **RULES** as follows:

**1.**     **December 2, 2009 Letter**

With respect to Plaintiffs' questions regarding the structure or organization of NUHW, or conversations relating thereto, and the identities of NUHW members who collected representation petitions, the Court finds that Plaintiffs have not adequately demonstrated that the information sought - which all occurred after the Trusteeship went into effect on January 27, 2009 -  is relevant. The Court therefore **DENIES** Plaintiffs' request to compel Defendants to answer the listed questions.

**2.**     **December 15, 2009 Letter**

Defendants shall serve their Search and Review Log by <u>December 28, 2009</u>.

**3.**     **Motion to Compel**

While the parties dispute whether the TRO required Defendants to turn over only those electronic devices in their possession that had UHW information or *all* personal devices, the language of parties' subsequent written agreement indicates that the assertion that an electronic device does not contain UHW information would not be a ground to withhold production of the

UNITED STATES DISTRICT COURT
For the Northern District of California

device.  Thus, to the extent Defendants have declined to produce electronic devices on the basis that they do not contain UHW information or have never been used for UHW purposes, this is not a valid ground to withhold production.  Consequently, Defendants have failed to comply with this Court's November 20, 2009 Order requiring them to produce the electronic devices within ten days of that Order.  Accordingly, the Court **ORDERS** the following be produced:

a)  With respect to Defendants Brickman, Goldstein, Martin, and Willet: Defense counsel shall produce Defendants' home/personal computer or its image to Plaintiffs' consultants for imaging by <u>December 28, 2009</u>.

b)  With respect to Defendant Lewis, defense counsel shall sign a declaration under oath indicating that: (1) Defendant Lewis sent her BlackBerry to defense counsel's office, but defense counsel cannot locate it and therefore have not produced it; and (2) Defendant Lewis' memory stick was lost by her or defense counsel and therefore defense counsel has not produced it.

c)  Defense counsel shall produce Defendant Clayton's iPhone to Plaintiffs for imaging by <u>December 23, 2009</u>.

d)  Defense counsel shall turn over Defendant Kristal's BlackBerry to Plaintiffs' consultants for imaging by <u>December 23, 2009</u>.

e)  With respect to Defendant Nelson: Defense counsel shall produce the image of Defendant Nelson's home computer to Plaintiffs' consultants for imaging by <u>December 23, 2009</u>.

f)  With respect to Defendant Emslie: Defense counsel shall file a declaration under oath stating that defense counsel does not have her memory stick.

The Court **FURTHER ORDERS** that Plaintiffs' request for a jury instruction that Defendants have failed to produce pertinent information is **DENIED WITHOUT PREJUDICE** to Plaintiffs raising that issue before Judge Alsup at the appropriate time before trial.

**IT IS SO ORDERED.**

Dated: December 21, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge