UNITED STATES DISTRICT COURT

Northern District of California

SERVICE EMPLOYEES,

              Plaintiff(s),

   v.

SEIU UNITED HEALTHCARE WORKERS,

              Defendant(s).
_____/

No. C 09-00404 WHA (MEJ)

**DISCOVERY ORDER RE: DKT. #454**

      On January 12, 2010, Plaintiffs filed a letter regarding, among other disputes, Plaintiffs request for Defendant Dan Martin to turn over a computer or its image to Plaintiffs' consultants. (Dkt. #454.) Upon review of Plaintiffs' letter, the Court ordered Martin to either: (1) file a declaration, attesting under penalty of perjury, that (a) the computer identified as his wife's in Plaintiffs' letter is exclusively used by her, and (b) he has never used the computer for any purpose, including non-UHW-related business; or (2) alternatively, if Mr. Martin has used the computer for any purpose, including non-UHW-related business, to produce it by January 19, 2010, under the terms of the existing Protective Order and protocol about how to handle non-UHW property on Defendants' electronic devices. (Dkt. #458.)

      The Court is now in receipt of the parties' further briefing on this issue. (Dkt. ## 464, 468, 469.) Plaintiffs state that Martin has neither filed a declaration as set forth above nor produced the computer. (Dkt. # 464.) In response, Defendants offer an alternative to the Court's previous order. Specifically, Defendants propose that Martin either produce his wife's computer for imaging by

Plaintiffs or produce all of his documents from that computer to defendants' counsel, who will then produce all relevant documents.

The Court is concerned that Defendant Martin has previously declared that the computer is his wife's, (Dkt. #440), but his counsel is now stating that they will produce his documents from that computer. However, when given the opportunity to declare that he does not use the computer, he failed to respond. Further, although the Court recognizes Martin's wife's privacy concerns, there is a protective order in place that addresses such concerns. Accordingly, the Court hereby ORDERS as follows:

1) Dan Martin shall provide the computer to defense counsel, who shall then retrieve all relevant information for production to Plaintiffs. Defense counsel shall then serve a declaration attesting under penalty of perjury the method(s) used to retrieve all information and that all relevant information has been produced; OR

2) Dan Martin shall produce the computer, as previously ordered, under the terms of the existing protective order.

Martin's choice of the two options shall be completed within seven (7) days from the date of this Order. Failure to comply with this Order may result in sanctions and Mr. Martin being held in contempt.

**IT IS SO ORDERED.**

Dated: February 2, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge