IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, et al.,

Plaintiffs,

v.

SAL ROSELLI, JORGE RODRIGUEZ, et al.,

Defendants.

No. C 09-00404 WHA

**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' LABOR UNION HISTORY EXPERT**

In this action directed at wrongs allegedly committed by former officers of a parent union before quitting to form a competing union, plaintiffs move to strike defendants' labor union history expert, Nelson Lichtenstein. For the following reasons, plaintiffs' motion to strike is **GRANTED**.

According to the second case management order (Dkt. No. 324), each party was required to serve a list of issues on which it intended to offer expert testimony by December 3. The parties were warned that failure to comply with the deadline might result in preclusion. Plaintiffs served the disclosure in accordance with the above deadline. Defendants, however, did not serve a list of issues until 33 days after the required deadline, on January 5, 2010. In the disclosure, defendants listed three subjects for expert testimony: (1) organizing; (2) valuation/damages; and (3) labor union history and practices and their impact on collective bargaining. The first two subjects corresponded verbatim with the subject titles disclosed by plaintiffs on December 3. The issue of

labor union history, however, did not correspond with any issues listed in plaintiffs' original disclosure.

If defendants wished to present expert testimony, the last date for designation of expert testimony and disclosure of full expert reports was January 15. Defendants did not submit expert reports until January 29, the deadline for responsive expert testimony. On January 8, plaintiffs filed an objection to the initial expert disclosure. After the January 15 deadline passed, plaintiffs attempted to contact defendants by sending a letter and email on January 21 and 26, respectively. Plaintiffs inquired whether defendants still intended to present the testimony at issue. Defendants' first response came at a January 27 meet-and-confer, where defense counsel stated that was their intention (Br. 2).

Plaintiffs base the motion to strike mainly on defendants' failure to comply with the deadlines for expert testimony. Plaintiffs also present a brief argument that the report should be excluded under Rule 702, identifying only the "most glaring problems" (Br. 3). Since this order decides the motion based on the tardiness of defendants' filings, it is unnecessary to address the underdeveloped 702 arguments from either plaintiffs or defendants.

Defendants argue that the January 5 list was not a disclosure as required by the case management order, but a "counter-list" of responsive expert testimony issues that was "not require[d]" by the order (Opp. 2). Defendants' descriptions for the organizing and damages experts made *express* statements of "present[ing] an opposition expert" (Dkt. No. 483). The description for the labor union history expert merely stated that defendants "will present testimony" without any condition of plaintiffs presenting testimony on a similar subject (*ibid.*). This language suggests that defendants did not, in fact, intend the labor union history expert to oppose any of plaintiffs' proposed subjects. Defense counsel submitted a declaration with the opposition stating that plaintiffs' disclosure "prompted defendants to consider" whether submitting such an expert would be helpful (Decl. ¶ 2). Although defendants offer this as proof that they originally intended Expert Lichtenstein as an opposition expert — the statement suggests that defendants knew at this point that they would submit this "helpful" expert regardless of plaintiffs. Accordingly, defendants should have filed the appropriate disclosure. If defendants

2

truly did not consider such an expert until after plaintiffs December 3 disclosure, defendants' required disclosure may have been several days late. This, however, cannot explain the 33-day delay. Although the organizing and damages experts were properly treated as responsive, this order does not accept defendants' argument that the labor union history expert's report was meant merely to be an "opposition" to plaintiffs' organizing expert. Since defendants were over one month late to meet this deadline, this order finds that the labor union expert should be excluded.

Defendants also argue that the reports were properly submitted on January 29, because they were *responsive* reports. Defendants state that even though plaintiffs *did not* serve a report on "organizing" on January 15, they decided to go forward with the so-called opposition. For the reasons stated above, this order declines to accept that Expert Lichenstein's report was in response to any of plaintiffs' experts and rejects plaintiffs argument on this point. Defendants, therefore, also failed to meet this deadline by two weeks. This second tardy disclosure is an additional reason for the exclusion of the labor union history expert.

With two weeks until the trial, plaintiffs would be unduly prejudiced if they were required to find a counter-expert at this time — especially considering plaintiffs' prompt objection and efforts to ask defendants whether they intended to keep Expert Lichtenstein, and defendants' untimely response.

Plaintiffs' motion to strike defendants' labor history expert is **GRANTED.**

**IT IS SO ORDERED.**

Dated: March 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE