IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED HEALTHCARE WORKERS-WEST, et al.,

    Plaintiffs,

v.

JOHN BORSOS, GAIL BUHLER, RALPH CORNEJO, JOAN EMSLIE, MARTI GARZA, GLENN GOLDSTEIN, EMILY GORDON, JASON JOHNSON, MARK KIPFER, GABE KRISTAL, MICHAEL KRIVOSH, PAUL KUMAR, LAURA KURRE, BARBARA LEWIS, DANIEL MARTIN, FREJA NELSON, ANDREW REID, JORGE RODRIGUEZ, SAL ROSSELLI, FRED SEAVEY, IAN SELDEN, PETER TAPPEINER, JOHN VELLARDITA, PHYLLIS WILLETT, AND NATIONAL UNION OF HEALTHCARE WORKERS,

    Defendants.

 /

No. C 09-00404 WHA

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, it is my duty to instruct you on the law that applies to this case. Copies of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence presented in the case. To those facts you must apply the law as I give it to you. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits which have been received into evidence;

3. The sworn testimony of witnesses in depositions read into evidence; and

4. Any facts to which all the lawyers have stipulated here in the courtroom before you. You must treat any stipulated facts as having been conclusively proven.

3.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the

2

evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    2.    A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

    3.    Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.

    4.    Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in light of reason, experience and common sense. You should consider both kinds of evidence. It is for you to decide how much weight to give to any evidence.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says or part of it or none of it. In considering the testimony of any witness, you may take into account:

    1.    The opportunity and ability of the witness to see or hear or know the things testified to;

    2.    The witness' memory;

3

   3. The witness' manner while testifying;

   4. The witness' interest in the outcome of the case and any bias or prejudice;

   5. Whether other evidence contradicted the witness' testimony;

   6. The reasonableness of the witness' testimony in light of all the evidence; and

   7. Any other factors that bear on believability.

6.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced evidence.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or to do something, that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

4

9.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

10.

In these instructions, I will often refer to the burden of proof. The burden of proof in this case is known as a burden of proof by a preponderance of the evidence. When a party has the burden of proof on any issue by a preponderance of the evidence, it means you must be persuaded by the evidence that the issue is more probably true than not true. To put it differently, if you were to put the evidence favoring plaintiffs and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

11.

Plaintiffs have the burden of proof on all issues as to each defendant. If you find that plaintiffs carried their burden of proof as to an issue your verdict should be for plaintiffs on that issue. If you find that plaintiffs did not carry their burden of proof, you must find against plaintiffs on that issue.

12.

In this case, all of our defendants were officers and/or employees of UHW prior to the trusteeship on January 27, 2009, after which they left for a new rival union called the National

5

1  Union of Healthcare Workers.  Once the trusteeship was in place on January 27, UHW was
2  under new leadership.  Under its new leadership, UHW then brought this lawsuit against
3  defendants, who were the old leadership, alleging misconduct before they left UHW.

13.

There is, of course, a rift between these two unions.  Solely by way of explaining the background of this case, you have heard evidence about this rift.  But we are not here to decide which side has the better labor philosophy or who would better represent workers.  Nor are we here to decide whether the jurisdiction decision on January 9 or the trusteeship decision on January 27 was wise or reasonable.  Those issues are not for you to decide.

14.

I will now instruct you on the issues of liability and damages that are for you to decide.  We have worked hard to simplify and streamline the claims and defenses as well as the number of issues you must decide.

15.

The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group.  It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

16.

Each defendant (except NUHW) owed a duty to UHW and SEIU to refrain from obstructing or frustrating any formal decision made by SEIU or UHW by their authorized

6

decisionmakers. Before any such formal decision was made, however, defendants were free to make their case within the system on any pending issue and, in doing so, were free to use staff and resources of UHW for that purpose. Therefore, once the formal SEIU decisions on jurisdiction and trusteeship were made, it was the duty of defendants to refrain from obstructing or frustrating those decisions or employing local staff and resources to do so or inducing or attempting to induce others to do so. At all times — both before and after those decisions, defendants were free to express their opinions as union members on the jurisdiction and trusteeship decisions. Thus, even after a formal decision was made, defendants were free to state their disagreement with the decision so long as they did not obstruct or frustrate the ability of UHW or SEIU to carry out the decision and did not induce others to obstruct or frustrate the ability of UHW or SEIU to carry out the decision.

17.

Until their departure, all defendants who were officers, employees or stewards also owed a duty to UHW to avoid undermining its ability to function normally. If any defendant, before his or her resignation, violated this duty or conspired with others or induced others to prevent the normal functioning of UHW, then said defendant would be liable for breach of duty. Similarly, all such defendants owed a duty to UHW to use its resources solely for the benefit of UHW and not to divert them for personal or non-UHW purposes. Any information or document covered by a confidentiality agreement had to be treated by a defendant signing it as belonging to UHW and could not be diverted for personal or non-UHW purposes.

18.

All individual defendants had a right to resign from UHW and then form a new union, even a rival union. There can be no liability for these actions. Nor can there be any liability, if it occurred, for the individual defendants merely to agree with each other to resign, even at the same time. Defendants did not have, however, a right, while employed by UHW, to plan for the creation of a union or to undermine the ability of UHW to function after their departure. Nor did they have a right to use the resources of UHW to do so. Nor did defendants have the right to circulate or cause to be circulated decertification petitions prior to their resignation, although

7

members were free to do so. Defendants who were officers of the union were barred from circulating or causing to be circulated any disaffiliation petitions although, again, members were free to do so.

19.

When defendants left UHW, they were obligated to leave behind at UHW, or as the trustee directed, all keys, property and files of UHW in appropriate locations, including grievance and bargaining files and notes, computers, cell phones, membership lists, electronic files and databases, and all copies thereof, and take with them only items owned by them. If any defendant complied with this and all other obligations described in these instructions, then that defendant had no further obligation as a former officer or employee to assist UHW in the transition from the old leadership to the new leadership.

20.

In this case, defendants are not responsible for any events after defendants' resignations or removal unless it is proven that such events were caused by and were the foreseeable result of a breach of duty prior to defendants' departure from UHW. In this connection, there is no claim in this case against any defendant for assault, battery, theft, trespass or intimidation. You have heard evidence about such things but there can be no liability for them unless a breach of duty is proven before their departure. That is, plaintiffs must prove that one or more defendants — prior to leaving UHW — set in motion a train of events with the foreseeable result that such assaults, batteries, thefts, trespasses or intimidation would occur, in which case defendants would be liable for any such foreseeable acts, such as increased security costs, even though those acts occurred after their departure.

21.

No defendant can be held responsible for the conduct of other defendants or anyone else unless the conduct was induced by that defendant or the conduct was the direct and foreseeable result of a conspiracy in which said defendant participated.

8

22.

A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties. To prove a conspiracy, plaintiffs are not required to prove that each defendant personally committed a wrongful act or that he or she knew all the details of the agreement or the identities of all other participants. If a defendant himself or herself did not do a wrongful act, he or she may nonetheless be held liable on a conspiracy theory but only if he or she made an agreement with someone else to carry out or cause to be carried out one or more wrongful acts of the type in question, and that any wrongful act you find actually occurred was foreseeable by said defendant.

23.

It will be helpful for you to keep in mind the difference between conduct of defendants versus conduct of others and the extent to which any defendant may or may not be held responsible for the conduct of others and of each other. Also keep in mind the difference between conduct before versus after the departure from UHW of defendants and the extent to which any defendant may or may not be held responsible for post-resignation events.

24.

Now, I will turn to the specific damages claims sought by plaintiffs. *First*, plaintiffs seek to recover the cost of the wages and benefits paid to defendants during January 2009 up to the date of their removals or resignations, which I will refer to for convenience as their "January time." If you find plaintiffs have proven that any defendant was, during his or her January time, in breach of his or her duty to UHW, then you must award such damages as are proven, if any, in proportion to the January time spent in breach versus the overall January time. If you find that a defendant's January time included a fundamental breach of duty, then you may award all of the salary and benefits for that defendant as damages. This claim, again, is for salary and benefits for the period from January 1 to the date of the resignation or removals. Plaintiffs are not seeking reimbursement of defendants' salaries and benefits for any other time period.

25.

*Second*, plaintiffs seek the value of UHW staff time and UHW resources (other than salaries and benefits for defendants) that were allegedly diverted by defendants in violation of their duty. This claim is limited to January 2009. The burden of proof is on plaintiffs to prove any such diversion. If you decide that plaintiffs have proven that any defendant diverted UHW resources to non-UHW purposes, then plaintiffs are entitled to recover such value of the diverted resources as you may find proven at trial.

26.

*Third*, plaintiffs seek recovery of alleged increased security costs to secure UHW office buildings and personnel following the trusteeship. To recover for this against any defendant, the burden is on plaintiffs to prove that:

    1.    The defendant — before he or she left UHW — set in motion one or more scenarios calculated to lead to violence, vandalism, harassment, threats and/or intimidation;

    2.    Such hostile events in fact occurred; and

    3.    In reasonable response thereto plaintiffs incurred increased security costs.

Acts of violence, vandalism, harassment, threats and/or intimidation attributable to post-resignation actions and *not* rooted in pre-resignation/removal schemes cannot support this claim. Plaintiffs are only allowed to recover, if at all, such portions, if any, of the incremental costs you find have been proven to be a necessary and appropriate response. No defendant is liable under any circumstances for security costs over and above an amount that would have been a reasonable security response to any hostile acts you find resulted from a scheme by the defendant prior to leaving UHW.

10

27.

Finally, plaintiffs seek lost dues when defendants allegedly terminated extensions of otherwise expired collective bargaining agreements and thereby relieved employers of a duty to deduct UHW dues from paychecks. To succeed on this claim, plaintiffs must prove that:

> 1. The defendant, while still with UHW, terminated one or more such extensions in violation of his or her duty to UHW; and
>
> 2. The amount of dues that would have been collected under said extensions over and above what would have been collected had plaintiffs made reasonable efforts to collect said dues from members or to reinstate the extensions.

Plaintiffs must also prove that this was done to harm UHW. If you find that a termination was done to benefit UHW and its members, then there was no violation of a duty even if the terminations were otherwise unwise. The time period for this claim is from January 21, 2009, to the present.

28.

As you know, plaintiffs have also sued NUHW. In this connection, plaintiffs contend that NUHW came into existence as an unincorporated association before its formation was announced by the individual defendants on January 28, 2009. Defendants contend that NUHW came into existence when its formation was announced on January 28, 2009. A labor union may be organized as an unincorporated association. An unincorporated association means an unincorporated group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not. A group does not need bylaws or other formal documents to be an unincorporated association.

Plaintiffs seek the same damage items from NUHW as from the other defendants. If you find that NUHW, acting through its agents, was part of a conspiracy, then you may find NUHW liable for conspiracy damages as described above. Alternatively, regardless of conspiracy, if you find that one or more individual defendants violated his or her duty to UHW and further find that NUHW knowingly benefitted from said breach of duty, then NUHW is liable to the same extent

11

as said defendant(s). If plaintiffs fail to prove either theory, then your verdict must be for NUHW and against plaintiffs.

29.

You must decide each claim separately as to each defendant. I will give you a special verdict form to guide your deliberations. If you find a defendant to be liable on any claim, then you may award such damages as you decide plaintiffs have proven. Damages may be proven by reasonable approximation but speculation and guesswork are insufficient to prove damages.

30.

If you find a defendant was not liable on a claim, either because no duty was breached or because damages have not been proven even in an approximate amount in your judgment, then you should, as to that defendant, enter a zero ("0") in the appropriate blank on the special verdict form. If you find any liability for a defendant, enter all amounts for which you find that defendant liable, including any amounts for which others may also be jointly liable. For example, if you find a defendant liable not only for his or her salary/benefits but also others' salaries, then enter all such amounts under "Salary and Benefits." Do not include any items for which a defendant has no liability.

31.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. I recommend that you select a foreperson who will be good at leading a fair and balanced discussion of the evidence and the issues.

32.

In your deliberations it is usually a mistake to take a straw vote early on. This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging their heels. Rather, it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table before anyone expresses a vote. These are merely recommendations, however, and it is up to you to decide on how you wish to deliberate.

33.

Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

34.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

35.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

36.

When you retire to the jury room to deliberate, the Clerk will bring you the following:

1. All of the exhibits received into evidence;
2. An index of the exhibits;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

You do not have to discuss the questions in the strict sequence indicated in the special verdict form, but you must, by the end, answer them unanimously as indicated in the form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels containing your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

37.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

38.

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 a.m.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at all times the jury is deliberating.

39.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived, or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

40.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the marshal that you have

reached a verdict. The foreperson should hold on to the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: April 6, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE