1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT

8    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11   SERVICE EMPLOYEES
     INTERNATIONAL UNION, et al.,
12                                            No. C 09-00404 WHA
13              Plaintiffs,

14       v.                                   **ORDER DENYING MOTION TO**
                                              **ALTER OR CORRECT RULE 54(B)**
15   SAL ROSELLI, et al.,                     **JUDGMENT AFTER JURY TRIAL**

16              Defendants.
                                    /
17

18        Defendants move to correct the judgment to alter or amend the Rule 54(b) judgment after

19   jury trial (Dkt. No. 627) or in the alternative to correct that judgment so that to the jury's verdict

20   pursuant to the jury instructions.  Defendants argue that in order to be consistent with the final

21   charge to the jury, the judgment should reflect joint and several liability.

22        Jury Instruction Number 30 stated:

23            If you find any liability for a defendant, enter all amounts for which
              you find that defendant liable, including any amounts for which
24            others may also be jointly liable.  For example, if you find a
              defendant liable not only for his or her salary/benefits but also
25            others' salaries, then enter all such amounts under "Salary and
              Benefits."
26        The special verdict form presented to the jury included a grid upon which the jury was

27   instructed to enter for each defendant the amount of liability (if any) in several categories

28   including salary and benefits, diversion of resources, increased security, lost dues, and total.  This

     form restated this instruction contained in Number 30 of the final charge that the jury should enter

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    all amounts for which it found each defendant liable, "including any amounts for which others

2    may also be jointly liable."

3          Defendants assert that based on these instructions, the jury must have predicated its

4    damages awards on joint-and-several, rather than individual, liability.

5          While the jury instructions and special verdict form invited the jury to find joint-and-

6    several liability, it did not require it to do so.  When the jury filled out the verdict form, it did not

7    put down a uniform damages number for all liable defendants.  With respect to salary and

8    benefits, the jury assessed defendant Emily Gordon $1,400 in lost-salary defendants, but the other

9    liable defendants were each assessed $6,600.  With respect to diversion of resources, some

10   individual defendants were assessed $30,000, while others were assessed $60,000.  The NUHW

11   was assessed $720,000 for diversion of resources.  While the sum of all assessments against the

12   individual defendants for diversion of resources also is $720,000, this is not indicative of the

13   jury's intent for each liable defendant to be joint-and-severally liable to the others.  If the jury had

14   intended for each liable defendant to be joint-and-severally liable for the other liable defendants,

15   it would have awarded equal amounts for each category for which those defendants were liable.

16   Moreover, the sum of all assessments against the individual defendants for lost dues was $12,000,

17   the assessment against the NUHW for lost dues was only $4,000.  This indicates that it is as likely

18   as not coincidence that the sum of the individual assessments for diversion of resources equaled

19   the assessment against NUHW for the same..

20         Defendants argue that the judgment currently allows for "double recovery," but this is a

21   clear misreading of the jury instructions and the jury's verdict.  Even if joint and several liability

22   were awarded, it is clear that the jury did not intend to reduce the amount owed by each

23   individual defendant because it assessed different amounts from different defendants for the same

24   categories.  Therefore any amendment allowing joint and several liability would only increase

25   some

26

27

28

1    defendants' overall liability.  But as noted above, such an amendment is not warranted here.

2       For the foregoing reasons, defendants' motion is **DENIED**.

3

4       **IT IS SO ORDERED.**

5

6    Dated:  June 22, 2010.

7                  WILLIAM ALSUP
              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California