IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES
INTERNATIONAL UNION, et al.,

    Plaintiffs,

  v.

SAL ROSSELLI, et al.,

    Defendants.
                                 /

No. C 09-00404 WHA

**ORDER DENYING MOTION
TO STAY EXECUTION OF THE
JUDGMENT PENDING APPEAL**

        Defendants move to stay execution of judgment pending appeal (Dkt. No. 776). They initially argue that they are entitled as a matter of right to such a stay pursuant to Federal Rule of Civil Procedure 62(d), which states, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Defendants have not posted a bond, so Rule 62(d) does not apply.

        Defendants alternatively seek approval to substitute other forms of security in lieu of a supersedeas bond. They cite decisions for the principle that district courts have the power to approve of such alternatives. But they give no specific reasons for approving such an arrangement here (apart from general statements that "it would be an undue financial burden . . . [to] post a full supersedeas bond" (Br. 3)). And they give no specific account of what such alternative security would be for each of the defendants (apart from the general statement that "the security may be in the form of cash, letters of credit, real property, and/or other types of

assets approved by the Court" (Br. 4)).  Such vague intimations fall far short of the required showing for court approval of an alternative arrangement in lieu of the bond requirement.

This order will not approve a stay of execution without a bond or any good reason why the bond requirement should be waived.  Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 30, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2