1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SAL ROSSELLI, *et al.*, <br><br> Defendants. | CASE NO. 09-CV-0404 WHA (MEJ) <br><br> [~~PROPOSED~~] **ORDER REGARDING DISCOVERY AND BOND** |

1  The Court, having held a hearing on September 15, 2010 and having received written
2  submissions from the parties concerning the matters of post-judgment discovery and the posting of
3  supersedeas bonds by the individual defendants (Docket Nos. 781, 790, 791, and 792), orders as
4  follows:

5  1.  Defendant NUHW shall produce at the offices of Altshuler Berzon LLP no later than
6  the close of business (5:00 p.m.) on September 24, 2010 the documents requested by plaintiffs in
7  their July 1, 2010 Notice of Deposition and Request to Produce Documents (Docket No. 780-1)
8  ("Notice and Request"), with two modifications: (a) Defendant need not produce the items identified
9  in request 8 or request 10 of the Notice and Request; and (b) the paragraphs of the Notice and
10 Request that set forth January 1, 2010 as the cutoff date for production of documents shall be
11 modified to set a March 1, 2010 cutoff date.

12 2.  Plaintiffs shall use the documents produced by Defendant NUHW pursuant to this
13 Order solely for purposes of conducting the instant litigation and for collection of the judgment and
14 shall not use the documents or the information contained therein for other purposes, including
15 publicity.

16 3.  Defendant NUHW shall appear for the deposition on the topics specified in the
17 Notice and Request on October 7, 2010 at the offices of Altshuler Berzon commencing at 9:00 a.m.

18 4.  In order to stay discovery and collection proceedings against him pending resolution
19 of his appeal, Defendant Rosselli shall post a bond in the amount of 125 percent of the judgment
20 against him. Defendant may satisfy the bond requirement either by posting a bond in the stated
21 amount from a surety corporation duly authorized by the Secretary of the Treasury of the United
22 States or under the laws of the State of California, or by taking all of the following actions: (a)
23 depositing one-half the amount of the amount of the bond in cash with the clerk of this Court; (b)
24 pledging real property in California not exempt from execution the value of which is more than
25 sufficient to satisfy the remaining half of the bond; (c) filing with the Court a valid waiver of any
26 homestead exemption pertaining to the property; (d) recording the judgment entered in this case and
27 the bond in the appropriate county or counties where the property is located; and (e) filing with the
28 Court a declaration under penalty of perjury in which Defendant Rosselli identifies the executable

property located in California that is being pledged to secure the judgment and (i) states that he is the owner of that property and has the authority to pledge the property as security, (ii) states the fair market value of the property, (iii) identifies the outstanding balance of all loans secured by the property and the lender or lenders so that Plaintiffs may verify that balance, (iv) identifies all liens, charges or other encumbrances on the property, and (v) promises not to alienate, encumber or impair the value of the property until the bond is discharged.

5. Each other individual defendant against whom the jury rendered a verdict may cause discovery and collection proceedings against him or her to be stayed by posting a bond in the amount of 125 percent of the judgment against that defendant through either of the two means approved for Mr. Rosselli to satisfy the bond requirement as to the judgment against him.

6. Neither discovery nor collection proceedings shall be stayed as to any individual defendant unless and until that defendant posts a bond through either of the alternative methods available to defendant Rosselli as set out in paragraph 5 above; provided, however, that Plaintiffs shall not notice for any date prior to October 25, 2010 any depositions as to individual defendants. Plaintiffs may utilize all discovery methods available under the Federal Rules of Civil Procedure to inquire into the assets and financial condition of a defendant who has not taken the actions necessary to obtain a stay pending appeal, and it shall not be a proper basis for objecting to any discovery promulgated by Plaintiffs that a particular deposition, interrogatory or request for production would be in excess of the limits on discovery set out in Rule 30(a)(2) or Rule 33 or in the Court's Second Case Management Order.

IT IS SO ORDERED

Dated: September 27, 2010.

_____
William Alsup
United States District Judge