IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES
INTERNATIONAL UNION, et al.,

    Plaintiffs,

  v.

SAL ROSSELLI, et al.,

    Defendants.
                               /

No. C 09-00404 WHA

**ORDER REGARDING MOTION FOR SANCTIONS**

        Plaintiffs have been trying to collect their judgment award from defendant NUHW since judgment was entered in April (*see* Dkt. No. 627). Defendant was ordered to produce documents requested by plaintiffs and to produce for deposition the person most knowledgeable about, in informal terms, where NUHW is keeping its money (Dkt. No. 796). The deposition is to take place on October 7. Meanwhile, there is a union election going on that implicates the parties, with (based on their representations) results to be announced on October 6.

        Now plaintiffs have filed a motion for sanctions, claiming defendant NUHW failed to produce all of the documents it was obligated to pursuant to court order. Specifically, plaintiffs claim that NUHW has failed to produce documents to identify: (1) a Siegel & Yee account that defendant was allegedly using as its operating account; (2) the location of $265,000 withdrawn from a Mechanics Bank account on September 9; and (3) the state of NUHW finances subsequent to September 15. This is based on a declaration evidencing a thorough review of the documents that *were* produced by NUHW, including its general ledger.

NUHW was ordered to respond, and did so. It flatly states that plaintiffs are wrong and NUHW has produced everything. For example, it states that there are no documents concerning the Siegel & Yee account other than the general ledger entries. How can this be? A bank account has bank statements and a bank account number. Defendant attached no documents and no statements under oath to support its submission.

More facts are needed before the motion for sanctions can be resolved. Defendant NUHW is ordered to file a statement under oath identifying the bank and account number of the Siegel & Yee account listed in its general ledger, verifying that there are no documents concerning the Siegel & Yee account, and stating what happened to the $265,000 withdrawn from the Mechanics Bank account on September 9. This statement may be filed under seal and must be filed by **5:00 P.M. ON OCTOBER 5, 2010**. The deposition will go forward on October 7. The parties are granted leave to submit further briefing concerning plaintiff's motion based on the deposition by **OCTOBER 14**, and a hearing will be held on this motion on **OCTOBER 20 AT 3:00 P.M.**

**IT IS SO ORDERED.**

Dated: October 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2