IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES
INTERNATIONAL UNION, et al.,

    Plaintiffs,

  v.

SAL ROSSELLI, et al.,

    Defendants.
   /

No. C 09-00404 WHA

**ORDER REGARDING BOND FROM UNSPECIFIED DEFENDANT(S)**

    The Clerk of Court in Oakland received a check yesterday in the amount of $892,829.08. The payor was Siegel & Yee, defense counsel in this case. Yesterday evening, defendants filed a request to approve certain supersedeas bonds to stay execution of judgment. But it is unclear as to which defendant or defendants judgment would be stayed.

    It is not clear from defendants' filing: The filing states that "[d]efendants Sal Rosselli and Phyllis Willett renew their request that the Court approve their supersedeas bond." But it also refers to the check as "NUHW's deposit."

    And it is not clear from the amount of the check: A prior order stated that a supersedeas bond sufficient to warrant a stay of execution would have to amount to 125 percent of judgment. The amount deposited is not 125 percent of any of the judgments against any of the defendants, or any aggregation thereof (*see* Dkt. No. 627). Therefore, it is unclear which defendant(s) deposited the check in Oakland.

This order construes the check as an attempted bond from defendant NUHW. That is the strongest implication from defendants' filing. But defendant NUHW is directed to file a statement that 1) confirms this understanding, 2) explains why the deposit was not 125 percent of judgment but rather a lesser amount, and 3) state why the Court should approve a stay of execution based on a bond that is less than what was previously ordered. That statement must be filed by **NOON ON TUESDAY, OCTOBER 12, 2010**. Plaintiffs may file a statement by **NOON ON WEDNESDAY, OCTOBER 13, 2010**, if they have any objection to this form of a bond for defendant NUHW.

In the meantime, defendants have also requested that the Court "accept [the individual defendants'] proposed procedure whereby defendants submit their [proposed] bonds to the Court for consideration," prior to posting money with the Clerk. Once again, the Court has already approved a procedure for the bonds of the individual defendants, if they do not want to simply post the full amount of 125 percent of judgment against them, in past orders. This order need not approve another round of "proposed bonds." Hence defendants' request is **DENIED**. However, to the extent the individual defendants need proof that the Clerk may accept a bond from them, in further support of prior orders this order finds that the individual defendants may deposit 125 percent of half of the judgment against them (*see* Dkt. No. 627), with the Clerk.

**IT IS SO ORDERED.**

Dated: October 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2