IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES
INTERNATIONAL UNION, et al.,

    Plaintiffs,

  v.

SAL ROSSELLI, et al.,

    Defendants.
                                   /

No. C 09-00404 WHA

**ORDER RESOLVING BILL OF COSTS OBJECTIONS**

      Plaintiffs and defendants object to each others' bill of costs after jury trial. Plaintiffs won a jury verdict against certain defendants but not others (*see* Dkt. No. 627). Plaintiffs filed their bill of costs against 17 defendants (Dkt. No. 640). Bill of costs were also filed by 12 prevailing defendants against all plaintiffs (Dkt. No. 641). An award of costs to a prevailing party is routine under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. 1920. In considering the parties' objections to each others' bill of costs, it is the district court's responsibility to exercise its discretion. *See Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591–93 (9th Cir. 2000).

      Turning first to plaintiffs' objections to defendants' bill of costs (Dkt. No. 654), plaintiffs make two types of arguments: an overall entitlement argument and objections to specific cost items. Defendants claimed a total of $92,200.89 in costs.

      There were 33 defendants in this action (*see* Dkt. No. 392). Some were dismissed before trial, some won and some lost after a jury trial, and some were the subject of separate judgments

subsequent to the jury verdict. Twelve defendants filed a bill of costs. Of these 12, there were 10 against whom the jury did not award damages, and two who plaintiffs dismissed before trial. Both sides agreed that as to the two dismissed before trial (Aaron Brickman and Martha Figueroa) both sides would bear their own costs (*see* Dkt. No. 655). Of the other 10 defendants, three (Will Clayton, Mary Ruth Gross, and Laura Kurre) were also defendants in the Education Fund portion of the case, in which judgment was entered in favor of plaintiffs and against defendants (*see* Dkt. No. 653). As such these three prevailed in part of the action but not in another part. They therefore cannot be termed "prevailing parties" overall and as such no costs will be awarded to them. FRCP 54(d)(1). The other seven defendants, however, against whom the jury did not find liability, were prevailing parties in the action. Therefore, those seven defendants, out of the 33 defendants, are entitled to their costs.

Because the defendants were jointly represented and jointly incurred costs, the prevailing defendants are only entitled to a portion of the costs incurred by the entire group of defendants. Therefore, defendants are only entitled to 7/33 of the total costs sought. The new balance will be calculated after plaintiffs' line-item objections are examined.

Next, defendants claimed $2,561.40 for the cost of transcripts of the entire jury trial. They ordered these transcripts on April 15, 2010, after the jury trial was over (Dkt. No. 641-1 at 12). Plaintiffs point out that this could not have been a cost incurred by the prevailing party because they had no need for transcripts of a trial in which they prevailed. The need for the transcripts was by the defendants who lost and are taking an appeal. (Plaintiffs are not appealing their losses to the seven.) Plaintiffs' objection to the $2,561.40 cost is therefore sustained in its entirety.

Plaintiffs also argue that defendants should not be allowed to recover costs for four deposition transcripts of non-Education Fund defendants ordered by counsel for the Education Fund defendants. Plaintiffs state that "[t]here is no basis for the non-Education Fund [d]efendants to claim costs incurred by the Education Fund [d]efendants." To this point, it must be understood as background that the Education Fund portion of the action was not resolved until later, at which time both sides submitted separate bill of costs pertaining to this separate judgment. The parties later settled their dispute over the Education Fund-related bill of costs. So it seems plaintiffs'

point is that there were costs listed on the unresolved bill of costs that were really incurred by the Education Fund defendants. The proportional recovery holding above takes care of this problem. There was joint representation of defendants in this action. Plaintiffs cannot have it both ways by saying they want defendants to have a proportional recovery but then also object to line items captured by that approach. The specific bills to which plaintiffs object (Dkt. No. 641-2 at 27, 32, 34, and 39), do not appear in the later Education Fund bill of costs (Dkt. No. 704), so this was not a cost later claimed and settled separately. This objection is therefore overruled.

The total amount of costs claimed by defendants was $92,200.89. After subtracting $2,561.40, the new total is $89,639.49. Seven thirty-thirds of that total is $19,014.44, which is the amount of costs recoverable by defendants pursuant to the above rulings.

Defendants also submitted objections to plaintiffs' bill of costs (Dkt. No. 659). This order cannot examine those objections, however, because of one problematic omission: Plaintiffs did not file a statement under oath in support of their bill of costs, as required by 28 U.S.C. 1924 and Civil Local Rule 54-1(a). Plaintiffs will accordingly recover no costs.

Therefore, the Clerk shall tax $19,014.44 in costs against plaintiffs and for defendants Gail Buhler, Joan Emslie, Michael Krivosh, Paul Kumar, Freja Nelson, Andrew Reid, and Ian Selden. Plaintiffs shall recover no costs.

**IT IS SO ORDERED.**

Dated: October 29, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE