1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   SERVICE EMPLOYEES
     INTERNATIONAL UNION, et al.,
11                                                      No. C 09-00404 WHA
                    Plaintiffs,
12
           v.
13                                                   **AMENDED ORDER RESOLVING**
     SAL ROSSELLI, et al.,                           **BILL OF COSTS OBJECTIONS**
14
                    Defendants.
15   _____/

16

17          This order **VACATES AND SUPERSEDES** the order at docket no. 831.  The judge apologizes

18   for overlooking that the bill of costs form had a built-in declaration.

19                        *                    *                    *

20          Plaintiffs and defendants object to each others' bill of costs after jury trial.  Plaintiffs won

21   a jury verdict against certain defendants but not others (*see* Dkt. No. 627).  Plaintiffs filed their

22   bill of costs against 17 defendants (Dkt. No. 640).  Bill of costs were also filed by 12 prevailing

23   defendants against all plaintiffs (Dkt. No. 641).  An award of costs to a prevailing party is routine

24   under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. 1920.  In considering the parties'

25   objections to each others' bill of costs, it is the district court's responsibility to exercise its

26   discretion.  *See Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591–93 (9th

27   Cir. 2000).

28

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1

**Plaintiffs' Objections to Defendants' Bill of Costs**

2       Turning first to plaintiffs' objections to defendants' bill of costs (Dkt. No. 654), plaintiffs

3   make two types of arguments: an overall entitlement argument and objections to specific cost

4   items.  Defendants claimed a total of $92,200.89 in costs.

5       There were 33 defendants in this action (*see* Dkt. No. 392).  Some were dismissed before

6   trial, some won and some lost after a jury trial, and some were the subject of separate judgments

7   subsequent to the jury verdict.  Twelve defendants filed a bill of costs.  Of these 12, there were 10

8   against whom the jury did not award damages, and two who plaintiffs dismissed before trial.

9   Both sides agreed that as to the two dismissed before trial (Aaron Brickman and Martha Figueroa)

10  both sides would bear their own costs (*see* Dkt. No. 655).  Of the other 10 defendants, three (Will

11  Clayton, Mary Ruth Gross, and Laura Kurre) were also defendants in the Education Fund portion

12  of the case, in which judgment was entered in favor of plaintiffs and against defendants (*see* Dkt.

13  No. 653).  As such these three prevailed in part of the action but not in another part.  They

14  therefore cannot be termed "prevailing parties" overall and as such no costs will be awarded to

15  them.  FRCP 54(d)(1).  The other seven defendants, however, against whom the jury did not find

16  liability, were prevailing parties in the action.  Therefore, those seven defendants, out of the 33

17  defendants, are entitled to their costs.

18      Because the defendants were jointly represented and jointly incurred costs, the prevailing

19  defendants are only entitled to a portion of the costs incurred by the entire group of defendants.

20  Therefore, defendants are only entitled to 7/33 of the total costs sought.  The new balance will be

21  calculated after plaintiffs' line-item objections are examined.

22      Next, defendants claimed $2,561.40 for the cost of transcripts of the entire jury trial.  They

23  ordered these transcripts on April 15, 2010, after the jury trial was over (Dkt. No. 641-1 at 12).

24  Plaintiffs point out that this could not have been a cost incurred by the prevailing party because

25  they had no need for transcripts of a trial in which they prevailed.  The need for the transcripts

26  was by the defendants who lost and are taking an appeal.  (Plaintiffs are not appealing their losses

27  to the seven.)  Plaintiffs' objection to the $2,561.40 cost is therefore sustained in its entirety.

28

2

**United States District Court**
For the Northern District of California

1       Plaintiffs also argue that defendants should not be allowed to recover costs for four

2 deposition transcripts of non-Education Fund defendants ordered by counsel for the Education

3 Fund defendants. Plaintiffs state that "[t]here is no basis for the non-Education Fund [d]efendants

4 to claim costs incurred by the Education Fund [d]efendants." To this point, it must be understood

5 as background that the Education Fund portion of the action was not resolved until later, at which

6 time both sides submitted separate bill of costs pertaining to this separate judgment. The parties

7 later settled their dispute over the Education Fund-related bill of costs. So it seems plaintiffs'

8 point is that there were costs listed on the unresolved bill of costs that were really incurred by the

9 Education Fund defendants. The proportional recovery holding above takes care of this problem.

10 There was joint representation of defendants in this action. Plaintiffs cannot have it both ways by

11 saying they want defendants to have a proportional recovery but then also object to line items

12 captured by that approach. The specific bills to which plaintiffs object (Dkt. No. 641-2 at 27, 32,

13 34, and 39), do not appear in the later Education Fund bill of costs (Dkt. No. 704), so this was not

14 a cost later claimed and settled separately. This objection is therefore overruled.

15       The total amount of costs claimed by defendants was $92,200.89. After subtracting

16 $2,561.40, the new total is $89,639.49. Seven thirty-thirds of that total is $19,014.44, which is

17 the amount of costs recoverable by defendants pursuant to the above rulings.

18                   **Defendants' Objections to Plaintiffs' Bill of Costs**

19       Moving on to defendants' objections to plaintiffs' bill of costs (Dkt. No. 659), defendants

20 also make entitlement arguments as well as specific objections. Plaintiffs claim a total of

21 $219,073.16 in costs.

22       Although plaintiffs filed a "supplemental submission in support of their bill of costs" —

23 *i.e.*, a reply brief to defendants' objections (Dkt. No. 662) — the Civil Local Rules do not allow

24 for reply briefs of this type, and leave was not otherwise given. *See* Civil Local Rule 54-2(a); *see*

25 *also* Dkt. No. 660. For both reasons, plaintiffs' reply brief will not be considered.

26       As to entitlement, defendants first argue that plaintiffs did not really win at all, and then

27 that even if they did win, the Court should exercise its discretion to not award costs. *First*,

28 plaintiffs won jury verdicts against 17 defendants, and as to those defendants, they are

3

United States District Court

For the Northern District of California

1  undoubtedly prevailing parties.  *Second*, the Court does not exercise its discretion to deny costs as

2  to those parties.  There is a presumption in favor of awarding costs and doing so here will not

3  have the broad harmful effects that defendants portend.  *See Assoc. of Mexican-American*

4  *Educators*, 231 F.3d at 591–93.  Plaintiffs are entitled to their reasonable costs.

5       Among defendants' objections to specific cost items, they object to reimbursement for the

6  *pro hac vice* fees incurred by plaintiffs' counsel.  This objection is overruled.  This is a national

7  Court, and attorneys from out of state apply to and are granted leave to practice before this Court

8  very often.  These fees are allowable under 28 U.S.C. 1920(1).  Moreover, the total amount of

9  these fees, $1,260.00, is not excessive.

10       Defendants object to fees for service of process and subpoenas incurred by plaintiffs.

11  They argue that plaintiffs could have simply served defendants by mail, and there was no need for

12  expensive service.  This objection is overruled.  Although the amount of $18,689.92 is more than

13  the undersigned would like, the love lost between the parties during this action was so great that

14  zero cooperation could be expected and plaintiffs were reasonable in serving subpoenas and

15  tracking down witnesses the hard way.  *See Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175,

16  178 (9th Cir. 1990).

17       Defendants next object to the amount of $22,504.38, requested to compensate for trial

18  transcripts.  Fees for transcripts are recoverable if they were "necessarily obtained for use in the

19  case."  28 U.S.C. 1920(2).  Defendants' objection is overruled.  Defendants are trying to have it

20  both ways.  They requested four times the amount requested by plaintiffs — $91,968.89 — for the

21  same cost item, transcripts.  This order finds that plaintiffs necessarily obtained transcripts for use

22  at trial, given that they were ordered before trial and received throughout the trial (*see* Dkt. No.

23  640-3 at 2).  Thus, plaintiffs are entitled to the cost of $22,504.38.

24       Defendants next object to the fees and disbursements for printing chambers copies

25  claimed by plaintiffs.  This objection is overruled.  Plaintiffs are entitled to the full $970.00 under

26  28 U.S.C. 1920(3).

27       Defendants next object to fees for exemplification and copying.  "Fees for exemplification

28  and the costs of making copies of any materials where the copies are necessarily obtained for use

4

in the case" are recoverable.  28 U.S.C. 1920(4).  Plaintiffs argue that the cost of trial exhibits and electronic discovery production should not be recoverable, and that the amount for paper and video discovery production should be reduced.  Yet, "exemplification and the costs of making copies of any materials" includes "all types of demonstrative evidence."  *Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988).  Defendants' objection is overruled.  Plaintiffs are entitled to the full $49,431.71 claimed.  These costs are standard costs and are not excessive.

Finally, defendants object to costs stated by plaintiffs in the "other costs" category.  *First*, defendants object to fees related to depositions.  They object to a list of items all found on court reporter invoices, among other charges: "rough disk" fees, "expedited" services charges, parking reimbursements, charges for court reporter "waiting time," charges for court reporter "before/after hours," delivery costs, appearance and travel fees, "video digitizing to DVD[s]," and "video synchronizing."  All of the costs named by defendants are fees charged by court reporters.  They are therefore compensable as reasonably necessary for trial.  *See Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998).  Defendants' objections are overruled.  Plaintiffs are entitled to their deposition costs of $122,610.74.

*Second*, in "other costs," defendants object to service fees of $1,122.50.  Again, they argue that "a simple letter would have sufficed."  Yet again, the love lost between the parties was so great during this case that zero cooperation could be expected and plaintiffs were reasonable in tracking down witnesses the hard way.  Defendants' objection is overruled.

Plaintiffs shall therefore recover $219,073.16 in costs from the 17 defendants against whom they prevailed at trial.

\*                     \*                     \*

Therefore, the Clerk shall tax $19,014.44 in costs against plaintiffs and for defendants Gail Buhler, Joan Emslie, Michael Krivosh, Paul Kumar, Freja Nelson, Andrew Reid, and Ian Selden.  The Clerk shall also tax $219,073.16 in costs for plaintiffs and against defendants John Borsos, Ralph Cornejo, Marti Garza, Glenn Goldstein, Emily Gordon, Jason Johnson, Mark

**United States District Court**
For the Northern District of California

5

1    Kipfer, Gabe Kristal, Barbara Lewis, Daniel Martin, Jorge Rodriguez, Sal Rosselli, Fred Seavey,

2    Peter Tappeiner, John Vellardita, Phyllis Willett, and National Union of Healthcare Workers.

3

4        **IT IS SO ORDERED.**

5

6    Dated:  November 1, 2010.

7                                                                                              WILLIAM ALSUP
                                                                                                  UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California