IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES
INTERNATIONAL UNION, et al.,

   Plaintiffs,

 v.

SAL ROSSELLI, et al.,

   Defendants.
              /

No. C 09-00404 WHA

**ORDER DENYING PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO
MODIFY AMOUNT OF BOND AND
TO MODIFY PROTECTIVE ORDER**

   Plaintiffs have filed two "administrative motions." They have done this despite a case management order filed on May 20, 2009, which states: "No further motions may be filed before the district judge without prior clearance. The way to obtain prior clearance is to submit a five-page precis explaining the proposed motion and the grounds therefor" (Dkt. No. 214). Defendants timely opposed. Plaintiffs filed a reply brief in support of one of the motions, even though this is not contemplated by Civil Local Rule 7-11.

   Plaintiffs first move to modify the amount of the supersedeas bond that was posted by defendant NUHW. They do so because of an order resolving bill of costs disputes that required certain defendants to pay costs. That order was filed subsequent to orders fixing the required amount of a bond to be posted by defendant NUHW, which was based on the amount of judgment entered against NUHW, and not on costs.

   Plaintiffs assert that this order *must* require an increased amount for NUHW's bond, but that is not the law. The law is the following: "District courts have inherent discretionary authority

in setting supersedeas bonds . . . The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

The amount of the bond posted by defendant NUHW is adequate to secure plaintiffs from a loss. This order need not rule on the issue presented in the parties' briefs about whether costs shall be due jointly and severally or instead apportioned between the specific defendants. Although it is true that the current amount of NUHW's bond is not enough to cover both the judgment against it and the costs awarded against *all* defendants who are liable for costs, it is close enough, given the other defendants who will be on the hook, that plaintiffs are secure from a loss. Plaintiffs' motion to modify the required amount of NUHW's bond is therefore **DENIED**.

Plaintiffs next move to modify a protective order in this action. They do so in order to turn over documents produced by defendant NUHW pursuant to that order to the state bar in support of a complaint that they plan to file concerning defense counsel's conduct.

The Court is convinced that the true reasons motivating plaintiffs' counsel and plaintiffs have to do with vengeance and retribution and not with maintaining the integrity of the bar of the State of California. Therefore, the Court will not assist this project by modifying the protective order to further this purpose. Plaintiffs' motion is therefore **DENIED**.

Finally, this order again notes that these motions were filed despite a prior order that requires all motions to receive prior clearance from the undersigned via a precis. The parties cannot get around this requirement by styling their motion as an administrative motion. The precis requirement applies to all motions, no matter what they are labeled.

**IT IS SO ORDERED.**

Dated: November 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE